## LEE v. SWILLING.

### Opinion delivered April 7, 1900.

1. COMPROMISE—CONSIDERATION.—Where a voluntary settlement of a doubtful claim is made in good faith, the agreement to abide by such settlement and the avoidance of the expense and annoyance of a suit at law are a sufficient consideration to support a promise to pay the amount agreed upon. (Page 82.)

2. SAME—WHEN CLAIM DOUBTFUL.—A claim is doubtful if the parties entering into the compromise thought at the time there was a question between them. (Page 83.)

Appeal from Logan Circuit Court.

JEPHTHA H. EVANS, Judge.

Appellant, pro se:

Money voluntarily paid to one under a mistake of law cannot be recovered. 4 S. W. 60; 15 Am. & Eng. Enc. Law, 676; 46 Ark. 167. The burden of proving fraud was on appellant, and the evidence fails to show it. The court erred in disturbing the settlement. 15 S. W. 556; 14 S. W. 909; 4 S. W. 272; 12 S. W. 863; 28 S. W. 590.

Robt. J. White, for appellee:

The statute as to arbitrations was not complied with. Sand. & H. Dig., § 272; ib. § 4319. A settlement must be entered into by the parties willingly, and be consummated fairly. 37 Ark. 354. Arbitrators should be impartial. 32 N. E. 1055; 34 S. W. 401. Appellee is not estopped to bring this suit by having delivered up the notes. 36 Ark. 268.

BATTLE, J. The voluntary settlement or compromise of doubtful claims, made in good faith, without litigation, is highly favored and encouraged by the courts. The agreement to abide by such a settlement, and the avoidance of the expense and annoyance of a suit at law, are a sufficient consideration to support the promise to pay the amount agreed upon. Courts will not investigate such settlements or compromises for

the purpose of setting them aside, "it being sufficient if the parties entering into the compromise thought at the time that there was a question between them." *Burton* v. *Baird*, 44 Ark. 556; 1 Parsons on Contracts (8 Ed.), 453.

In this case there was a disagreement between Thomas Lee and Burton Swilling as to the amount of damages the former had suffered by failing to acquire the land the latter had undertaken to sell to him. The damages were variously estimated by many witnesses from $65 to $400. Swilling estimated them at $65 and Lee at $400. Through the intervention of arbitrators they compromised at $375, Swilling agreeing to pay and Lee to accept that amount in full settlement of their differences. Swilling delivered to Lee the notes sued on in part payment of that amount, leaving $50.80 unpaid, which he promised to pay. The notes were canceled by consent of both parties. Swilling is still owing Lee the $50.80 and six per cent. per annum interest theron from the 25th day of October, 1897. The settlement or compromise was entered into and made in good faith. Swilling testified that Lee took no advantage of him. He promised to pay the balance found owing by him to Lee. His promise is supported by a sufficient consideration, and is valid.

The decree of the circuit court is therefore reversed, and the cause is remanded, with directions to the court to dismiss appellee's complaint, and enter judgment against him in favor of Lee for the $50.80 and six per cent. per annum interest thereon from the 25th day of October, 1897.