Brinkley Car Works Manufacturing Company v. Farrell.

Opinion delivered April 9, 1904.

1. Evidence—refreshing memory.—Where plaintiff had proved by his testimony the items of his account, it was not error to permit him to use a copy of the account to refresh his memory, it having been proved to be a true one. (Page 354.)

2. Contract—consideration.—Where defendant ordered plaintiff to repair an engine which belonged to an employee of defendant, it being important for defendant's interest that it should be repaired, defendant was liable for the repairs. (Page 355.)

Appeal from Monroe Circuit Court.

Geo. M. Chapline, Judge.

Action by J. J. Farrell against the Brinkley Car Works Manufacturing Company. A judgment for plaintiff was affirmed orally on defendant's appeal. Motion for rehearing overruled.

*C. F. Greenlee,* for appellant.

*Thomas & Lee,* for appellee.

OPINION ON REHEARING.

Hughes, J. The petition for rehearing is based on the idea that the court erred in holding that a copy of an account of the appellee Farrell against the appellant taken from Farrell's books was evidence in the case without his books, but the counsel for appellant misunderstood the court's ruling. It

did not hold that this copy was evidence, but held that, the appellee having proved by his testimony the items of his account, it was not improper to allow the copy, which was proved to be a true copy, to be used by him to refresh his memory, and that it went to the jury, not as evidence, but only as a memorandum of what the appellee had sworn to. The petition for rehearing urges that the court erred in allowing the appellee the charge for repairing the engine for Garland Black, who was in the service of the company, and says the engine was Black's property, which is very true, but the evidence tends to show that it was ordered repaired by the appellee, by the general manager of the company, for the interest and benefit of the company, and that it was important for the company's interest that it should be repaired. Having, through their general manager, employed and ordered the appellee to do the work in repairing it, it seemed right that the appellant should pay him for it.

The motion is overruled.