## VAUGHAN *v.* VERNON.

### Opinion delivered February 18, 1907.

NOTE—EXTENSION OF TIME—DISCHARGE OF SURETY.—A verbal agreement between the payee of a note and the maker that if the latter paid the interest at maturity the payee would extend the note for another year, not being based on a consideration, is not such an agreement for extension as would discharge a surety on the note.

Appeal from Madison Chancery Court; *T. H. Humphreys,* Chancellor; affirmed.

#### STATEMENT BY THE COURT.

In August, 1895, Catlet Fitch borrowed $275 from W. A. Vernon, and executed to him the following note therefor with G. W. Vaughan as surety:

"Hindsville, Ark. 8-20-1895.

$275.

"Twelve months after date we promise to pay to the order of W. A. Vernon two hundred and seventy-five dollars at ten per cent. from date until paid, for value received.

"CATLET FITCH,

"G. W. VAUGHAN."

The note was not paid at maturity, but the interest was paid from year to year up to August 20, 1903. W. A. Vernon died in 1905, and his administratrix brought this action to recover the balance due on the note. Fitch made no defense, and judgment was rendered against him for want of an answer.

Vaughan, the surety on the note, filed an answer in which he alleged that at the time of the execution of the note and for several years after its maturity, Fitch, the principal in the note, was solvent, but that he had since become insolvent; that on the 13th of August, 1896, the payee of the note, without the consent of the defendant, who was only a surety, extended the time of payment for one year in consideration of the payment of one year's interest thereon before it was due, and that this extension, being without his consent, discharged him from further liability on the note.

On his motion the suit was transferred to the equity docket. On the hearing there was a judgment in favor of plaintiff, and Vaughan appealed.

*Harris & Ivie,* for appellant.

1. The court erred in sustaining appellee's objections to the testimony of Vaughan and Fitch. The former did not testify to any transactions with, or statements of, the intestate, except as to certain letters received from the intestate, and as to them he was called to testify by the appellee on cross-examination. Sched., Const. § 2. The latter was in no sense opposed to pursuing or being pursued by, the administratrix after the case was transferred to equity, she having already obtained judgment against him at law. 43 Ark. 307; 15 Am. & Eng. Enc. of Law (1 Ed.), 336; 63 Ark. 361. That his name was retained as a defendant in the caption of the complaint did not change his status; it is the body of the complaint that controls. 50 Ark. 97. After appellee had elected to take a judgment against Fitch alone in the law court, it is questionable if a judgment could legally be rendered against his joint obligor. Freeman on Judg. § § 215-217; Black on Judg. § 674; 15 Am. & Eng. Enc. of Law (1 Ed.), 342.

2. The undisputed testimony shows such a change in the contract as to the time of payment as to discharge the surety.

48 Ark. 442; 29 Ark. 588; 31 Ark. 661; 65 Ark. 550; 71 Ark. 199; 6 Ark. 352; 9 Ark. 421; 54 Ark. 97; 24 Am. & Eng. Enc. of Law (1 Ed.), 825; *Id.* 827.

3. It is conceded that appellant was only a surety on the note. As to him the note is barred by the statute of limitations. A partial payment by a principal debtor does not suspend the running of the statute of limitation in favor of his surety. 41 L. R. A. 612. See, also, 60 Ark. 497; 10 Ark. 638; 65 Ark. 6, 7; 25 L. R. A. 608; 59 Am. Rep. 297; 89 N. Y. 456.

*Walker & Walker,* for appellee.

1. There was no error in refusing to permit Fitch to testify as to transactions between himself and Vernon, deceased. Sched. Const., § 2. It is a joint note of Fitch and appellant, and the payee Vernon is dead. Fitch can not be heard to testify either in his own behalf or for his co-maker of the note. 26 Ark. 276; 32 Ark. 337; 37 Ark. 195; 51 Ark. 401; 67 Ark. 318.

2. The statute bar had not attached as to Vaughan. 1 Brandt on Suretyship, § 161; 2 Pick. 581; 12 Mo. 94; 4 Pick. 382; 13 Vt. 353; 10 Barn. & Cress. 122; 9 Minn. 13; 6 R. I. 505; 8 Pa. St. 337; 31 Atl. 508; 22 Pa. St. 156; 109 Ill. App. 7; 100 Ill. 427; 23 S. C. 578; 71 Pa. St. 208; 2 Blackf. (Ind.), 371; 45 Ala. 89; 36 Ark. 145; 50 Ark. 217.

RIDDICK, J., (after stating the facts.) The question in this case is whether the evidence shows that there was a valid agreement to extend the time for the payment of the note. If an agreement of that kind was made without the consent of the surety, the plaintiff can not recover, for the defendant Vaughan was only a surety. But we do not think that the evidence shows any such agreement. The only witness who testified in reference thereto was the defendant Fitch, who borrowed the money. His evidence bearing on this point shows that he had the following conversation with Vernon at the time the note was delivered: "I told Mr. Vernon that probably I would want him to carry me over another year. He said the interest was what he wanted, and he wanted that promptly by the time it matured. He also said that when I paid him he wanted it all paid at once. He gave me to understand that he would carry me over, and he did carry me for seven or eight years." Fitch also testified that

there was never anything further said between him and Vernon as to the extension of the time for the payment of the note; that he made the first payment of interest a few days before it was due, and did so to show Vernon that he would pay the interest as he had promised and to get an extension, though he did not request an extension or refer to that matter. This evidence does not show any valid agreement on the part of Vernon to extend the time of the payment of the note. The only conversation between Vernon and Fitch in reference to an extension of time was at the time the note was delivered. The presumption is that the note expressed the contract at that time as to the time when the note should be paid, and it can not be contradicted by evidence of parol contemporaneous agreements. Nor does this evidence show that there was any definite agreement to extend the time, or that there was any consideration to support such an agreement. The lender merely intimated that the only thing he was particular about was the prompt payment of the interest; that if it was paid, he would probably not press the payment of the principal. But this lacks a great deal of being a valid contract to alter the contract as expressed by the note.

A further question is raised as to the competency of the evidence of Fitch in reference to transactions between himself and the intestate. Defendant contends that, as Fitch made no defense and allowed judgment to go against him at law for want of an answer, thereafter he was no longer a party to the suit and could testify for the other defendant. But we need not discuss that question, for, assuming that his testimony was competent, it does not show anything to release the security.

Judgment affirmed.