## PHOENIX CEMENT SIDEWALK COMPANY *v.* RUSSELLVILLE WATER & LIGHT COMPANY.

### Opinion delivered November 13, 1911.

1. APPEAL AND ERROR—PRESUMPTION—EXTENSION OF, TIME FOR ANSWER.—Under Kirby's Digest, sec. 6116, authorizing the court to extend the time for filing an answer for good cause shown, the court on appeal will presume that an extension was on good cause shown, in the absence of any showing to the contrary. (Page 24.)

2. SAME—TIME OF FILING ANSWER.—The fact that the defendant was permitted to file its answer at the trial will not be ground for reversal where it does not appear that plaintiff was surprised or otherwise prejudiced thereby. (Page 24.)

3. PLEADING—HOW OBJECTION FOR WANT OF VERIFICATION RAISED.—Failure to verify an answer is not sufficient ground to strike it from the files or to prevent a consideration of its contents unless there has been a refusal to verify after a motion to that effect has been made. (Page 24.)

4. APPEAL AND ERROR—QUESTION NOT RAISED BELOW.—Objection that an answer was not verified can not be raised for the first time upon appeal. (Page 25.)

5. SAME—REVIEW OF ORDER DIRECTING VERDICT.—In determining on appeal the correctness of the trial court's action in directing a verdict for either party, the rule is to take that view of the evidence which is most favorable to the party against whom the verdict is directed. (Page 25.)

6. CONTRACTS—CONSTRUCTION.—Under a contract which provided that defendant should have the use of certain machinery for not longer than five months, and that the machinery should be returned when a certain dam was completed by defendant, the meaning was that the machinery should be returned at the end of five months unless the dam was completed before that time. (Page 27.)

7. SAME—CONSTRUCTION.—A contract should be so construed, if possible, that all of its terms may take effect. (Page 27.)

8. SAME—CONSIDERATION.—Where a county leased certain machinery to defendant for a term of months, and made a lease of the machinery to plaintiff to commence at the end of such term, and the defendant, in consideration of an extension of its lease, agreed to furnish like machinery to plaintiff, the latter agreement was mutual and based on a sufficient consideration. (Page 28.)

Appeal from Pope Circuit Court; *Hugh Basham,* Judge; reversed.

*U. L. Meade,* for appellant.

1. Appellant's motion to strike from the files the answer filed by the defendant on the day of the trial should have

been sustained.   In the order continuing the case made at the former term, the court having limited defendant's time for filing answer to thirty days from that date, it had no discretion to permit the answer to be filed at the succeeding term, without a showing of good cause for failing to comply with the former order.   Kirby's Digest, § § 6111, 6116.

2.   The court erred in instructing the jury to return a verdict for the defendant.   The evidence shows a sufficient consideration for the agreement between appellant and the Water & Light Company.   64 Ark. 637;  72 Ark. 354;  33 Ark. 97;  125 S. W. (Mo. App.) 535.

3.   Appellant's complaint and account, the basis of the action, are both verified.   The answer was not verified.   The lower court's judgment should be reversed, and judgment entered here for appellant.   Kirby's Digest, § § 3108, 3151; 34 Ark. 622;  65 Ark. 320.

*Brooks, Hays & Martin,* for appellee.

1.   It is within the discretion of the trial court to permit an answer to be filed at any time up to the trial; and, unless an abuse of this discretion is shown, the trial court's ruling will not be disturbed here.

2.   The court was right in instructing a verdict for appellee.   There was no legal liability upon the county growing out of the contract between appellant and the county judge acting as judge and not as a county court.   68 Ark. 160.   Since appellant had no valid contract with the county, it could not make such invalid contract the basis of an action against appellees.   On the part of the Water & Light Company, there was no consideration for the contract moving from the appellant, and no mutuality of contract.   7 Am. & Eng. Enc. of L., 104, note 2;  *Id.* 114;  68 Ark. 276;  66 Ark. 550;  *Id.* 26.

FRAUENTHAL, J.   This was an action instituted by the appellant, who was the plaintiff below, against the Russellville Water & Light Company, a private business corporation, and also Pope County, to recover damages growing out of an alleged breach of contract.   The plaintiff attached to its complaint an itemized account of the damages alleged to have been sustained, which was duly verified.   At the return term of the court in which this action was brought, an order was

entered by consent of the parties, continuing the cause until the following term and giving to the defendants thirty days in which to file their answer.   At the following term of the court, and on the day upon which the cause was set for trial, the court permitted the defendant, the Russellville Water & Light Company, to file its answer, over the objection of the plaintiff. The plaintiff moved the court to strike the answer from the files on the ground that it was not filed in the time required by law, and that it was filed after both parties had announced ready for trial.   The court overruled this motion.

It appears that the defendant Pope County did not file any pleading, and that the cause of action as against it was abandoned by the plaintiff, and was so treated by all the parties and the court.   Upon the trial of the case the court directed the jury to return a verdict in favor of the remaining defendant, which was done.

It is urged by counsel for the plaintiff that the court erred in permitting the defendant to file its answer out of time and on the day of the trial.   But by section 6116 of Kirby's Digest it is provided:   "The court may, for good cause shown, extend the time for filing an answer or reply to some subsequent day in that or the next succeeding term, the party applying for a delay paying the costs occasioned thereby."   When nothing appears to the contrary, it will be presumed that good cause was shown for extending the time for filing an answer, when this is done by the court.

The answer in this case consisted of denials of the allegation of the complaint, and it is not claimed by plaintiff that it was surprised by any denial therein made.   It did not ask for a continuance of the trial when the answer was filed, and it does not appear that it was prejudiced in any way by the action of the court.   We can not say, therefore, that the court abused its discretion in permitting the answer to be filed.

It is also urged that the plaintiff was entitled to judgment because the answer of the defendant was not verified, and the affidavit of plaintiff to the account of the damages attached to the complaint was duly made.   This contention is made in reliance upon section 3151 of Kirby's Digest   But if this itemized statement of the damages should be considered an account within the meaning of that section, still the failure to verify

the answer would not be sufficient ground to strike the same from the files, or to prevent a consideration of its contents, unless there had been a refusal to verify after a motion to that effect had been made.  *Jackson* v. *Reave,* 44 Ark. 496.  Furthermore, this objection to the answer was not made in the trial court, and it can not be raised for the first time upon appeal. *Payne* v. *Flournoy,* 29 Ark. 500.

It is earnestly insisted by counsel for plaintiff that the court erred in directing a verdict for the defendant.  In determining on appeal the correctness of the trial court's action in directing a verdict for either party, the rule is to take that view of the evidence which is most favorable to the party against whom the verdict is directed.

The testimony on the part of the plaintiff tended to prove the following facts:  Pope County was the owner of a rock crushing machine, which it leased to the defendant by written contract, executed on December 1, 1908.  By the terms thereof, it leased said machinery to the defendant "for at least four months, and not to exceed five months, unless by additional contract, from this date" (the date of the contract).  The contract also provided that the defendant "will return said machinery, when the dam is completed," at a designated place, and in good condition.

On May 5, 1909, Pope County entered into a written contract with the plaintiff by which it leased to it said machinery for a period of four months from June 1, 1909.  At the time when this latter contract was entered into, the machinery was still in the possession of the defendant, who had not completed the dam which it was constructing.  Before entering into this latter contract with the plaintiff, the county judge of Pope County received assurances from defendant's agents that it would return the machinery by June 1, 1909.  For that reason the term of the lease in the latter contract was not to begin until that date, although, as contended by the county judge and the plaintiff, the term of the lease of defendant had expired on May 1, 1909.  The testimony tended further to prove that a few days after June 1, 1909, the county judge demanded from defendant the return of this machinery, in order that same might be delivered to plaintiff in accordance with the terms of the lease made to them.  Thereupon, the plain-

tiff, the county judge representing Pope County, and certain attorneys and officials of defendant, amongst whom was its president, met to settle the matter. It was there agreed by the parties that the defendant should retain the machinery until it completed said dam, and in consideration of such retention of the property it promised to furnish to the plaintiff machinery of the same kind and character. The plaintiff accepted the promise on the part of the defendant to furnish to them like machinery in lieu of the agreement made by Pope County in the contract of lease made to them. On behalf of Pope County, the county judge thereupon agreed with the defendant that it should retain the machinery and be released from its obligation to then return same.

It appears that Johnson County owned at this time a rock crushing machine similar to that owned by Pope County. Immediately after the above agreement was entered into by the three parties to this suit, an agent of defendant entered into a contract with the county judge of Johnson County by which the defendant should lease from Johnson County the machinery owned by it. This machinery the defendant contemplated turning over to plaintiffs in pursuance of said promise made to them. But, on account of some misunderstanding relative to the price of the lease, the county judge of Johnson County refused to consummate the lease with the defendant. Thereupon the defendant abandoned any further effort to secure this or any other machinery for the plaintiffs. The plaintiff thereafter leased the machinery from Johnson County at a price far in excess of the price of their lease made with Pope County, and the defendant continued to retain possession of the said machinery owned by Pope County.

The plaintiff bases its cause of action herein upon the mutual agreement made with the defendant and Pope County by them, whereby the defendant promised to furnish to it like machinery to that leased from Pope County, and it seeks to recover from the defendant the damages which it claims to have sustained by reason of the breach of that agreement.

We are of the opinion that there was sufficient evidence adduced by plaintiff upon the trial of the case warranting findings that such a contract was entered into by and between it

and the defendant, that there was a breach thereof, and substantial damages resulting to plaintiff from such breach.

Counsel for the defendant contend that, under the testimony most favorable to plaintiff, no valid contract was entered into which imposed upon the defendants any binding obligation. It is urged that such alleged agreement would not be enforcible, (1) because there was no consideration therefor, and (2) because there was no mutuality in the agreement.

It is urged that, under the terms of the lease contract entered into by Pope County with the defendant, it had the right to the use and possession of the machinery until it had completed said dam, and that it did not complete the dam until about December 1, 1909. They contend, therefore, that in June, 1909, when said alleged promise was made by it to furnish to plaintiff similar machinery, the defendant was not under any obligation to return the machinery which it had leased from Pope County, and on that account there was no consideration for said alleged promise. But we think that, by the terms of said lease, the defendant had only the right to the machinery for a period of four months from December 1, 1908, and not longer than five months from that date, if an additional contract should be made to that effect. The lease contract expired, therefore, not later than May 1, 1909. It is true that the lease also provided that the defendant would return said machinery, when the dam was completed, at a designated place, and in good condition. But this contract of lease must be construed so that all of its terms, if possible, may take effect. *Earl* v. *Harris*, 99 Ark. 112.

Viewed in this way, we think that the lease provided that defendant should have the use of the machinery for four months, and not longer than five months; and, in event the dam was completed at that time or prior thereto, the defendant would return the machinery in good condition at the place designated in the lease. It must have been contemplated by the parties at the time of the execution of the lease that defendant would complete the dam, which it was then constructing, by said latest date. This latter clause in the lease only provided that when the dam was completed the machinery would be returned at a place designated therein, for the purpose of casting on defendant the obligation to pay the cost of making such return.

This latter clause was not in conflict with the express period of time named for the continuance of the lease, and did not extend said time.

It follows that in June, 1909, there was an obligation on the part of the defendant to return said machinery to Pope County, its owner, and a subsisting liability for failure so to do. At that time there was only a privity by contract existing between the defendant and Pope County. It was then that the three parties—the plaintiffs, the defendant, and the representative of Pope County—entered into a mutual agreement, which was in the nature of a novation. By that agreement, the obligation which had been created against Pope County to furnish the machinery to the plaintiff was assumed by the defendant, who agreed to furnish to plaintiff like machinery. The plaintiff accepted the obligation of the defendant, and released Pope County from its obligation to it. By this mutual agreement, the defendant, by substitution in the place of Pope County, became obligated to the plaintiff to furnish the machinery. There was sufficient consideration for the promise thus made by the defendant. A consideration has been defined to be "a benefit accruing to him making the promise, or a loss or disadvantage undergone by him to whom it is made." Ex parte *Hodges*, 24 Ark. 197; *Bell* v. *Greenwood*, 21 Ark. 249; *Johnson* v. *Walker*, 25 Ark. 196; *Brinkley Car Works & Mfg. Co.* v. *Farrell*, 72 Ark. 354.

The benefit accruing to defendant by this promise was the retention of the machinery, which it was under obligation at that time to return. The disadvantage arising to the plaintiff was the release of the contract which it had made with Pope County for the machinery. By this agreement, a privity was established between the plaintiff and defendant and a mutual contract entered into by which the defendant assumed as an original undertaking the obligation to furnish like machinery to plaintiffs. The question as to whether or not the plaintiff could recover damages from Pope County for a breach of its contract of lease is not involved in this case. Pope County is not resisting the obligation arising from its contract, but, on the contrary, is insisting that it be fulfilled by the defendant who assumed it.

It follows that the court erred in ordering a peremptory

verdict in favor of defendant.  The judgment is reversed, and this cause is remanded for a new trial.