THORNTON *v.* BOWIE.

### Opinion delivered April 24, 1916.

1. BILLS AND NOTES—JOINT MAKER—PAROL EVIDENCE TO SHOW SURETY RELATION.—The endorsement of his name on the back of a note before delivery constitutes the endorser a maker of the note, but parol evidence is admissible to show that he in fact signed as surety only, and that this was known to the payee.

2. SURETYSHIP—BILLS AND NOTES—DISCHARGE—NEW CONTRACT.—In order to discharge a surety on a note by a new contract for the extension of the time of payment, the extension must be for a definite period, and the new contract must be based upon a new consideration.

3. PRINCIPAL AND SURETYSHIP—DISCHARGE OF SURETY—FAILURE TO SUE PRINCIPAL.—Mere delay or failure to sue the principal, or to pursue other available remedies for the collection of the debt, will not discharge a surety.

4. PRINCIPAL AND SURETY—MORTGAGE—FAILURE TO FORECLOSE—DISCHARGE OF SURETY.—The failure of a mortgagee to foreclose a lien on the mortgaged chattels does not discharge the surety.

Appeal from Pulaski Circuit Court, Third Division; *G. W. Hendricks,* Judge; affirmed.

*L. J. Brown* and *Thomas J. Price,* for appellant.

1. The court erred in directing a verdict and the verdict is contrary to the law and the evidence. Thornton was only an accommodation surety and parol evidence was admissible to show this. 76 Ark. 140; 98 *Id.* 200; 92 *Id.* 204; 128 U. S. 590; 64 N. W. 455; 54 Ark. 97; 118 N. C. 671; 3 R. C. L. 1138, § 354.

2. The extension of time discharged the surety. 77 Ark. 53; 65 *Id.* 204, 29 *Id.* 588; 49 *Id.* 465; 87 Tex. 578; Cent. Law Journal, 144 No. 17, p. 340.

3. Laches of the holder discharges the surety. Jones on Ch. Mortg., p. 27, § 632; 1 Mont. 347; 34 Ark. 80; 59 *Id.* 47; 3 *Id.* 90; 60 *Id.* 90.

*Hinton & Rogers* and *Charles C. Sparks,* for appellee.

1. The note is the best evidence and the writing of appellant's name on the back thereof was a conclusive presumption that he was a joint maker and liable as such. 77 Ark. 53; 116 Ark. 420; 34 Ark. 524; 103 *Id.* 473; 24

*Id.* 511; 40 *Id.* 546; 80 *Id.* 285; 94 *Id.* 333; 28 L. R. A. (N. S.) 1039; 91 Am. Dec. 519.

2. The cases cited in regard to notice, extension of time and laches do not apply here. Appellant was a joint maker. Presentment and extension were waived in the instrument and no definite extension of time was ever granted. 80 Ark. 285. Appellee was not required to exhaust other securities before suit. *Ib.* Appellant should have paid the note and been subrogated to appellee's rights. 103 Ark. 473.

McCULLOCH, C. J. On January 2, 1911, J. S. Stone and Annie Rogers borrowed the sum of a thousand dollars from the plaintiff, Monroe Bowie, and they, together with W. E. Stone, the father of J. S. Stone, executed to the plaintiff their joint promissory note for said sum of money, due and payable one year after date with 8 per cent. interest per annum until paid. The defendant, J. G. Thornton, indorsed his name in blank on the back of the note before the same was delivered to the plaintiff. The money was borrowed for the purpose of paying the price of a lot of furniture purchased by J. S. Stone and Annie Rogers for use in a boarding house which Annie Rogers was operating in the city of Hot Springs in a building rented from the plaintiff, and on that date they (J. S. Stone and Annie Rogers) executed to plaintiff a chattel mortgage on said furniture and other furniture in the building to secure the payment of said note. Nothing has ever been paid on the note except a portion of the interest, and this is an action instituted by the plaintiff against J. S. Stone and J. G. Thornton to recover the amount of the note and the unpaid interest.

Defendant Thornton answered, stating, among other defenses, that he was only a surety on the note and that the plaintiff, without his consent, had, for a valuable consideration, entered into an agreement with the makers of the note for an extension of the time of payment, and also that said plaintiff had been guilty of negligence in permitting the chattels upon which he held a mortgage to be lost and destroyed without enforcing his mortgage

lien thereon. The case was tried before a jury and the court gave a peremptory instruction in the plaintiff's favor. The question presented is whether there was evidence sufficient to warrant a submission of the issues to the jury.

(1) The indorsement by defendant Thornton of his name on the back of the note before the delivery constituted him a maker of the note, but parol evidence was admissible to show that he in fact signed only as surety and that this was known to the plaintiff. Annie Rogers died a few months after the note was executed and J. S. Stone took charge of the boarding house and the property therein. The testimony of Stone tends to show that he urged plaintiff to accept a surrender of the property, which plaintiff declined to do but told Stone to go ahead with the operation of the boarding house and promised to take charge of the property at the end of that year. The evidence does not show that there was any agreement on the part of the plaintiff to extend the day of payment to any definite time or that there was any demand made upon the plaintiff to sue the principals on the note or to foreclose the mortgage. All that the evidence tends to show is that plaintiff declined to take possession of the property and that he delayed bringing suit on the note until after the property had been destroyed by fire.

(2-3) In order to discharge the surety by a new contract for the extension of the time of payment, the extension must be for a definite period and the new contract must be based upon a new consideration. *King* v. *Haynes,* 35 Ark. 463; *Vaughan* v. *Vernon,* 82 Ark. 28. Mere delay or failure to sue the principal or to pursue other available remedies for the collection of the debt will not discharge a surety. *Wilson* v. *White,* 82 Ark. 407.

(4) The question of the discharge of the surety by a failure of the plaintiff to take possession of the property is ruled by the case of *Grisard* v. *Hinson,* 50 Ark. 229, where this court held that the failure of a mortgagee to foreclose a lien on the mortgaged chattels did not discharge the surety. The court, after laying down the

rule that where ''funds or securities are placed in the hands of a creditor by a principal for the security of a debt, and they are lost through the want of ordinary diligence of the creditor, the surety bound for the payment of the debt so secured is discharged to the extent of the loss,'' said that the rule does not apply to a mortgagee who has not obtained possession of the chattels, and that it was equally the duty of the surety to see that the chattels were applied to the payment of the mortgage debt. Speaking of the duty of the surety under those circumstances, the court said: ''For he was entitled to pay the note at any time after it became due, and take control of the mortgages, or, through the aid of a court of equity, upon giving the proper indemnity against costs and delay, to call on appellants to proceed against his principal and require them to do the most they could for his benefit, or, under our statutes, to compel them to commence suit, and proceed in it with due diligence, in the ordinary course of law, to judgment and execution. If he was damaged, it was as much by his own neglect and failure to discharge his duty as by any omission of appellants. If he had performed his obligations to appellants, he would have had control of the note and mortgage before any part of the ninety-five bushels of corn was consumed or disposed of. To allow him now to take advantage of the delay of appellants in foreclosing the mortgage, under such circumstances, seems very much like allowing a man to take advantage of his own wrong. If appellants were guilty of negligence, he was guilty of a positive omission of duty. They were under no higher obligation to foreclose the mortgage, than he was to pay the note and foreclose the mortgage himself. Under these circumstances it would be contrary to the most obvious principles of justice to inflict upon appellants the loss of their debt.''

So it is in the present case. The most that the defendant claims is that the plaintiff failed to foreclose the chattel mortgage, but the duty rested upon the defendant to pay off the debt and take advantage of the security.

himself if he intended to claim the advantage. Not having done that, or proceeded under the statute to require the plaintiff to sue the principals on the note, he can not complain of the loss which resulted by the destruction of the property.

Judgment affirmed.