CRAVENS & BOREN *v*. BARR.

Opinion delivered May 1, 1916.

1. DEBT—COLLATERAL—DUTY OF CREDITOR.—A creditor, to whom rent notes have been assigned, as collateral, is not required to collect the same, but may hold the debtor for the debt.

2. RENT NOTES—ASSIGNMENT AS COLLATERAL—RIGHT OF TENANTS—LIEN.— Where a landlord assigned certain rent notes to his creditor, the latter acquires no lien on the crops, and the tenants would be protected if they paid the creditor, who held their notes.

Appeal from Sebastian Circuit Court, Greenwood District; *Paul Little,* Judge; reversed.

*R. A. Rowe* and *C. A. Starbird,* for appellants.

1. The court erred in its instructions to the jury. There was no stipulation that the mortgagor should retain possession of the property, and the mortgagee had the legal title and the right to possession. Kirby's Digest, § 5410; 70 Cyc. 6; 18 Ark. 166.

2. There was no new consideration for the agreement to extend the time to pay the debt, and there was no such agreement. 80 Ark. 431.

3. It was error to give No. 5 for defendants and to refuse Nos. 10 and 11 for plaintiffs. 39 Ark. 248. Plaintiffs had no landlord's lien, and they could only demand the rent. Defendant's debt was due and his remedy was to pay it and collect the collaterals himself. 7 Cyc. 279; 39 Ark. 248.

*R. W. McFarlane* and *Covington & Grant,* for appellee.

1. Appellants were liable for the loss of the collateral notes placed in their hands. 50 Ark. 234; 74 *Id.* 248.

2. The judgment is right upon the whole record and there is no error in the instructions. 64 Ark. 238; 51 *Id.* 184; 14 *Id.* 114.

SMITH, J.    Appellants were plaintiffs in the suit below, which was begun as an action in replevin to recover possession of two mules upon which they had a mortgage, possession being sought for the purpose of foreclosing that instrument.   The suit was begun on the 23d of February, 1915, and the trial below was had July 24, 1915.

In his answer appellee alleged that there had been an agreement for an extention of the mortgage to October 15, 1915, and that subsequent to this agreement he had sustained damages as a result of its breach, which more than equaled the balance due by him under his mortgage.    The mules were taken from his possession at the commencement of the suit and the jury awarded him damages covering their usable value, and made a finding that the damages equaled the debt.

Appellee defaulted in the payment of the debt on account of the low price received for cotton in the year 1914, and upon the maturity of his debt made an agreement with appellants which was evidenced by the following writing:

"We accept $100 cash and to get $150 before December 1, 1914, and are to carry the balance due us on mules, we to have mortgage on as much as twenty-five acres of cotton for the year 1915.

"Cravens & Boren."

Appellants say there was no other agreement in regard to the extension of time, and that this agreement was never performed by appellee.    On the other hand, appellee says the $100 was paid in cash and it was later agreed that he should assign all the notes of his tenants for rent and should employ appellants' attorney to collect these notes and apply the proceeds to the mortgage indebtedness.    Various reasons are given for the failure to collect the rent evidenced by these notes, the one assigned by appellees being that the tenants would not pay him the rent because he did not have the notes in his possession and appellants would not release the notes, even for the purpose of collection.    In addition, 2,500 pounds of seed cotton was permitted to rot in a wagon in

which it had been loaded, because, as appellee says, appellants had threatened to attach it if it was moved from the place..

It is insisted that a verdict should have been directed in appellant's favor and that the court erred in submitting to the jury the question of their right to the possession of the mules, as the mortgage gave appellee no right to retain possession of them, and that error was committed in submitting to the jury the question of the extension of time for the reason that the consideration therefor failed. But we think no error was committed in the submission of this question, for it is admitted that a written agreement to this effect was made, and appellee says a new agreement was made under which appellants acquired the right to collect all demands due from appellee's tenants and became charged with the duty of making this collection. Appellants' responsibility for the failure to collect this rent presents the principal question in the case. Over appellants' objection the court gave an instruction numbered 5, which reads as follows:

"5. If you find by a preponderance of the evidence in this case that the plaintiffs instructed the makers of the notes set up in this action not to pay them to the defendant, but to pay them to the plaintiffs, that on account of such direction the defendant could not collect them, and the plaintiffs failed to collect them, then the defendant is entitled to a verdict upon the question of the notes."

Under this instruction the jury evidently charged appellants with the notes which appellee had taken from his tenants and thus extinguished the mortgage debt. We think this instruction is erroneous. It is contended only that appellants had the notes as collateral and they did not receive them as an absolute payment on the debt due them. While so holding the notes they had the right to demand that the makers pay the notes to them. Appellants did not acquire any lien on the crops by virtue of the assignment to them of the rent notes. The tenants would have been protected had they paid the rent to ap-

pellants. In the case of *Meyer* v. *Bloom,* 37 Ark. 43, it was said:

"And, though the assignment of the (rent) note did not in law carry with it the lien, it still subsisted, and as the note was held by M. Hanf & Co. only as collateral security, the delivery of the cotton to them, in payment of it, was virtually a delivery and payment to Levy, the same in effect as if Levy still held the note and the delivery and payment had been directly to him, and he had then turned the cotton over to them in discharge of his debt to them."

In support of the instruction numbered 5 set out above appellee cites and relies upon the case of *Grisard* v. *Hinson,* 50 Ark. 234, and in his brief he quotes the following language from that opinion:

"Whenever funds or securities are placed in the hands of a creditor by a principal for the security of a debt, and they are lost through the want of ordinary diligence of the creditor, the surety bound for the payment of the debt so secured is discharged to the extent of the loss."

We think, however, the principle there announced does not warrant the instruction given in this case. There was no negligence or want of ordinary care in this case. Appellants had the right to hold the notes placed with them as collateral and to demand of the makers that payment be made to them, and the assertion of this right imposed no duty to harvest the crop. Nor did the assertion of this right constitute a waste of the collateral. Appellee could have protected himself by requiring the tenants to pay the rent to appellants as holders of the notes. *Meyer* v. *Bloom, supra.* Or he could have taken up these notes from appellants by payment, if not otherwise. *Grisard* v. *Hinson, supra.* Appellants here merely remained inactive, but they were under no legal duty to take any affirmative action. *Maledon* v. *Leflore,* 62 Ark. 391; *Wilkerson* v. *Crescent Ins. Co.,* 64 Ark. 82; *First Nat. Bank* v. *Waddell,* 74 Ark. 249; *Loeb* v. *German Nat. Bank,* 88 Ark. 114. For an extended discussion of this subject

see note to the case of *First Nat. Bank* v. *Kittle,* 37 L. R. A. (N. S.) 699.

Had appellee taken up these notes from appellants his lien would have re-attached, whereupon he could have taken any action which he thought proper to enforce their payment. ·*Dickinson* v. *Harris,* 52. Ark. 58.

For the same reasons we think the court erred in submitting to the jury the question of liability for the value of the cotton which was lost by being left in the wagon. No reason for so doing existed except the fear the cotton would be attached, and this reason was not sufficient.

For the errors indicated the judgment will be reversed and the cause remanded.