## REYNOLDS *v.* WINSHIP.

### Opinion delivered November 7, 1927.

1. APPEAL AND ERROR—EFFECT OF APPELLANT'S ABSTRACT.—On appeal the facts stated in appellant's abstract may be assumed to be correct if not denied by appellee.

2. MORTGAGES—CONSIDERATION.—In an action to foreclose a mortgage, it is no defense that the mortgage indebtedness was not the personal obligation of the mortgagor, since the consideration may have been the satisfaction of the debt of a third person.

3. MORTGAGES—PROVISION AS TO PAYMENT.—A provision in a mortgage that the payment should be taken only from the interest of specified persons, *held* not to prevent a foreclosure and sale of the property mortgaged, where the mortgage provided for foreclosure and sale on default.

4. MORTGAGES—LIABILITY OF MORTGAGOR.—In a foreclosure action it was no defense to the purchaser of an interest in the property that there was no lien on the property at the time of her purchase, where she subsequently signed a mortgage thereon.

5. JUDGMENT—CORRECTION OF DECREE.—Though a court is without authority to set aside or modify its judgment or decree after expiration of the term, correction of an error made in entering a decree may be made at a term subsequent to that of its entry.

6. JUDGMENT—CORRECTION OF DECREE AT SUBSEQUENT TERM.—Where, by mistake of the clerk, a decree of foreclosure provided for the sale of land, instead of a sale of oil and gas leases thereon, the error may be corrected by court at a subsequent term.

Appeal from Union Chancery Court, Second Division; *George M. LeCroy,* Chancellor; affirmed.

*Stewart & Oliver,* for appellant.

*Mahony, Yocum & Saye* and *Kitchen & Harris,* for appellee.

MEHAFFY, J.   This is a suit brought by W. E. Winship against G. G. Baggett, C. G. Graham, G. L. Gano and Mary Reynolds, to foreclose a mortgage securing . payment of a certain note, and a decree was entered against each of the defendants, Gano, Baggett and Graham, for $3,965.60, with interest.

The Continental Supply Company had intervened, and judgment was given in its favor against the defendants and each of them for $733.58, with interest, and the plaintiff recovered $3,965.60.   The decree was entered November 4, 1926.   The decree, as entered on the record, declared a lien on the land described in. plaintiff's complaint, and ordered the sale of said land to pay the amount of said judgments.   Thereafter it was discovered that the decree which was entered on the record was for the sale of the land, when it should have been for the sale of oil and gas leases.   The record recites that, on December 7, 1927, a supplemental decree was entered correcting the error evidently made by the clerk in recording the decree. Of course the date on this record is incorrect. It is not yet December, 1927.   Counsel for the appellant state that this supplemental decree was at a subsequent term of the court, and that this date should be February, 1927, instead of December.   The record, however, does not in any manner show whether this was at the same or a subsequent term of court. If the supplemental decree was recorded in December, it was at the same term of court that the case was tried; if it was in February, that would be a subsequent term of court.   It is impossible, of course, to tell from the record whether it was at the same or at a subsequent term of court.   The appellants say that the supplemental decree was at a subsequent term of the court, and the appellees in their brief do not deny this.   We think we may therefore assume that the correction was made after the term of court at which the decree was rendered had adjourned.

Appellants contend that the judgment should be reversed as to Mary Reynolds because she did not sign the note, and that the mortgage indebtedness was not

her obligation. We cannot agree with counsel in this contention. The mortgage would be valid and binding against her, even if given to secure the debt of a third person. *Rockefellow* v. *Peay,* 40 Ark. 69.

"As has been noted, the consideration need not move to the mortgagor. Hence the debt may be the debt of another and the consideration, for example, may consist in a loan to a third person, or a satisfaction of a debt due the mortgagee from a third person, or in the release of a mortgage of a third person, or forbearance or extension to a third person debtor." 41 C. J. 387.

Learned counsel also contend that no valid lien was proved for intervener. A sufficient answer to this contention is that the intervener proved its claim, and defendants did not deny the claim in the answer.

Appellant's next contention is that, under clauses 6 and 7 of the mortgage, the payment should only be taken from the interests of other defendants. It is true that the interests of other defendants, under the terms of the mortgage, shall be applied to the payment of the indebtedness, but it is also true that the mortgage gives the right to foreclose and sell the property if the debt is not paid as provided for in the mortgage.

Appellant says that Mary Reynolds did not sign the note, and that, at the time she purchased her interest, there was no lien. The first of these contentions we have already disposed of, and it is immaterial whether her interest was incumbered at the time she purchased it or not. Her liability or the liability against her interest in the property attached when she signed the mortgage.

Appellants next contend that the decree should be reversed as to all defendants because the decree was for the sale of the land, when it should have been for the sale of the oil and gas leases, and that the court was without authority to modify the decree after the expiration of the term of court.

This court has many times held that a court is without authority to set aside or modify its judgment or decree after the expiration of the term. This is the set-

tled rule in this State.   If the supplemental decree was intended or was a modification of the decree after the expiration of the term at which it was rendered, it would be void, and would require a reversal of the case.   If, however, the decree of the court was for a sale of leases, and the clerk simply made a mistake in recording it, the court could require the clerk to record the decree that was rendered, and it would make no difference whether it was called a supplemental decree or a correction of the record.

The mortgage described the leases.   The pleadings all referred to the leases.   Plaintiffs did not ask for a sale of the land, but of the leasehold interest.   All the evidence showed that it was the leasehold interests that were involved.   The supplemental decree recites that the court's attention is called to the fact that an error was made in drafting the decree.   It is not contended or not shown that there was an error in the judgment or decree of the court, but there was an error in drafting the decree. We assume that that means that the decree was not in conformity with the decree rendered.   Certainly all of the evidence tends to show that the original decree was correct, and that there was an error in recording it.   The court had the power, even after the term, to make the record speak the truth.

There are a number of other questions raised by appellants in their brief, but, after a careful examination of the record, we have reached the conclusion that there is no reversible error.   The questions of fact were submitted to and decided by the chancellor, and we think the findings are sustained by the evidence, and the decree is therefore affirmed.