HAYS *v.* McGUIRT.

4-2754

Opinion delivered December 19, 1932.

*McElhannon & Callaway,* for appellant.

*J. H. Lookadoo* and *Bush & Bush,* for appellee.

KIRBY, J., (after stating the facts). It is insisted that the court erred in instructing the jury that if they found "that there was no valuable consideration moving to the plaintiff from the defendant for the execution of the release," it should be disregarded. This instruction was erroneous, misleading and prejudicial. It cannot be said there was no valuable consideration for the execution of the release, whether it was moving to the plaintiff from the defendant or not. The testimony on appellant's part conduced to show that the plaintiff herself received no consideration for the execution of said release, although she virtually admitted or at least did not deny that the things agreed to be done by the defendant in the release had all been done. The consideration could be a valuable one, whether it moved to her or not, as it

might be of benefit to the party promising or a loss or detriment to the party to whom the promise was made; it does not have to be both; it may be either. The court said in *Phoenix Sidewalk Co.* v. *Russellville Water & Light Co.,* 101 Ark. 22, 140 S. W. 996, "that a consideration was a benefit moving to the promisor or a detriment agreed to be suffered by the promisee." The consideration does not have to move to the party promising, but may move from a promisor to a third person.

· "As has been noted, the consideration need not move to the mortgagor. Hence the debt may be the debt of another and the consideration, for example, may consist in a loan to a third person, or a satisfaction of a debt due the mortgagee from a third person or in the release of a mortgage of a third person, or forbearance or extension to a third person debtor." 41 C. J. 387. See also 13 C. J. 324-25; *Jonesboro Hardware Co.* v. *Western Tie & Timber Co.,* 134 Ark. 543, 204 S. W. 418; *Rockafellow* v. *Peay,* 40 Ark. 69; *Reynolds* v. *Winship,* 175 Ark. 352, 299 S. W. 16; *Margruder* v. *State Bank,* 18 Ark. 9.

The compromise of a disputed claim furnishes sufficient consideration to uphold a settlement, even though the asserted claim is without merit. *Gerdner* v. *Ward,* 99 Ark. 588, 138 S. W. 981; *Lee* v. *Swilling,* 68 Ark. 82, 56 S. W. 447; *Texas Co.* v. *Williams,* 178 Ark. 1110, 13 S. W. (2d) 309.

The release purported to be in settlement of all claims between the parties, and, as already said, the testimony tended strongly to show its terms were performed by the parties to the release.

It follows from what we have said that the court erred in giving the instruction complained about, and it was apparent from the testimony introduced that the erroneous instruction was prejudicial, and the judgment must be reversed on account of same. Under this view it is unnecessary to determine whether the verdict is excessive. For the error designated the judgment must be reversed, and the cause remanded for a new trial. It is so ordered.

MEHAFFY, J., dissents.