SEELBINDER *v.* STEWART.

4-3896

Opinion delivered June 10, 1935.

*C. W. Knott,* for appellant.

*R. S. Wilson,* for appellees.

JOHNSON, C. J. This litigation arises out of the following facts and circumstances. On October 31, 1925, appellant, Hugo Seelbinder, purchased from one S. P. Shaddock an abstract business and plant commonly known in that vicinity as the Security Abstract Company located at Van Buren, Arkansas, and paid or agreed to

pay $2,000 as consideration therefor. This money was borrowed by appellant from the First National Bank of Van Buren. W. A. Steel, now deceased, was president of this bank when the note was executed and at all times subsequently referred to in this opinion. Soon after appellant's purchase he abandoned the abstract business and returned to Fort Smith and thereupon Steel, as president of the bank, negotiated a sale of the abstract business and plant to one Ristig. This last-mentioned purchaser abandoned the abstract business and plant soon after his purchase, and thereafter Steel acting for the bank sold the plant to O. L. Wolf, Nora A. Wolf and L. E. Lister. These last-named parties and purchasers executed their joint and several promissory note in favor of the First National Bank for the sum of $2,500 as the purchase price of the abstract business and plant. This note was dated August 6, 1926, and was due and payable August 6, 1927. On April 1, 1927, appellant Seelbinder wrote to the bank the following letter:

"Mr. Steele: "April 1, 1927.

"The deal which Mr. L. E. Lister and Mr. Oran Yoes is interested is agreeable to me, provided Mr. Oran Yoes and Mr. Gilliam Yoes signs the note and you have a written agreement for Mr. Oran Yoes and Mr. Gilliam Yoes to pay you $25 dollars a month on the principal plus the interest as agreed by you. It is also agreeable with me to dispose of the desks and cabinet and etc. and apply on the principle of the note.

"Signed. Hugo Seelbinder."

And on the same date indorsed upon the back of the note dated August 6, 1926, the following:

"For value received, I, or we, hereby guarantee the payment of the within note at maturity, or at any time thereafter, with interest at the rate of ten per cent. per annum until paid, waiving demand, notice of nonpayment and protest, and agree to all extensions and partial payments—for the sum of $2,000 and interest.

"(Signed) Hugo Seelbinder,
"(Signed) Oran C. Yoes."

Payments were made on the note by the makers and indorsers thereon which reduced the balance due to

$1,550 and this suit was instituted by appellees, the present holders of the note against appellant to recover this sum on his indorsement. Appellant answered the complaint thus filed by general denial and specially by alleging limitations, laches and want of consideration to support his indorsement.

The trial in the lower court resulted in a judgment in favor of appellees and against appellant, Seelbinder, for the sum of $1,550 and this appeal comes therefrom.

Appellant's first contention for reversal, that his indorsement upon the note of date August 6, 1926, the indorsement being dated April 1, 1927, is without consideration and therefore void. Specifically the contention is that appellant testified that the note signed by him to the First National Bank for the sum of $2,000 in 1925 which represented the purchase money for the abstract business and plant was surrendered by the bank to him in October, 1926, after a resale of the abstract business and plant by the bank to the Wolfs and Lister. Conceding this testimony to be uncontradicted, it is not conclusive that appellant was released from all liability by this transaction. The surrender of this note by the bank to appellant should and must be considered with all other attending facts and circumstances. Appellant admits that, subsequent to the surrender of his note to him, he signed the letter and indorsement upon the back of the note, and, when all these facts are duly considered together, we are unwilling to say as a matter of law that appellant was released from all liability. On the contrary, we think these transactions, when considered together, strongly indicate that appellant's indorsement upon the note was but a continuation or substitution for his primary liability as the original purchaser of the abstract business and plant. When thus considered, appellant's liability is original and not collateral, and, of course, is supported by a sufficient consideration. *Petty* v. *Gocking*, 97 Ark. 217, 133 S. W. 832.

Appellant next contends that his liability as guarantor was conditioned upon the Messrs. Yoes signing the guarantee. No such condition is expressed in the written guarantee which appears upon the back of the note,

and appellant cannot limit his liability by such condition. *Merchants' & Planters' Bank* v. *Richardson,* 188 Ark. 1104, 69 S. W. (2d) 396.

Moreover, Oran C. Yoes signed the guarantee on the back of the note with appellant, and this was a substantial compliance with the terms of the letter, were it considered as a part of the indorsement.

No error appearing, the judgment is affirmed.