McMorella. *v.* Buckner State Bank.

4-3908

Opinion delivered June 17, 1935.

308

*Ezra Garner,* for appellant.

*Joe L. Davis,* for appellees.

BAKER, J. Miss Elizabeth McMorella appealed from a decree of the chancery court, foreclosing a mortgage on certain real property given to secure balance due upon a note in the sum of $2,800 with interest. The note sued upon was for $3,000, credited with $200. This note was for the aggregate amount of three former notes. The first of the three notes was for $1,076 for money borrowed from the bank for F. O. Hamm, the two others were later executed for the same purpose.

As we understand it, the following facts are disclosed: F. O. Hamm had a contract to build a highway from Waldo to Rosston. He arranged to get money from the Buckner State Bank in order to meet his payrolls as they came due from time to time. The details of the agreement made between him and the bank are immaterial, but William Owen, cashier of the bank, was made trustee, so that money borrowed from the bank was credited to his account as trustee, and he wrote checks on said account to pay Hamm's labor bills. Miss Mc-Morella either became surety for or borrowed directly from the bank for the benefit of this fund. When this last note was made, time of payment was extended, and

the mortgage or deed of trust was given as security. The former notes fell due from time to time. They were not paid but renewed.

It appears that Hamm borrowed other money from the bank, not secured however by the signature or indorsement of Miss McMorella. Hamm was sued on the unsecured notes. Judgment was had. His teams and other property were sold, and proceeds were applied to payment of debts other than instruments here involved.

To the complaint filed by the appellees, Miss McMorella pleads (1) the lack of consideration or the failure thereof, and the consequent invalidity of the note and mortgage; (2) that her signature or indorsement on the note sued on, and the prior notes for which this was given as a renewal was induced by fraud of William Owen, the trustee and cashier of the bank.

She alleged, upon a plea of lack of consideration, that no part of the proceeds of the former notes was ever given to her or credited to her account, and that she received no benefit therefrom; and, further, that the debt was in existence at the time she executed the mortgage or deed of trust, and that there was no new consideration to uphold or support the said mortgage or deed of trust.

Upon the allegation of fraud, she alleges that Owen was the cashier of the bank, and that she signed the original notes upon his assurance and advice to her that the Highway Department would pay Hamm, and, when Hamm received the money, it would be held by him as trustee, and would be credited on Hamm's note, relieving her of responsibility therefor; that no part of the payments made by the Highway Department to Hamm on his contract was credited upon her notes, and that she was not advised of this fact for a considerable length of time after the completion of the contract by Hamm, and she had, up to a date near the time of the filing of this suit, believed that the notes had been paid according to the plan or scheme as had been explained by Mr. Owen as an inducement to her to execute the notes, the renewals thereof, and the giving of the security therefor.

It is unnecessary that we set forth with any degree of detail the evidence offered upon trial. Let it be sufficient to say that the appellant asserts that the original notes for which the note sued on is but a renewal were without consideration. If that statement were correct, it would follow, as she contends, that the renewal note is likewise unsupported by a consideration.

The first notes, however, were given to procure money for Hamm so that he might perform the contract, and the bank supplied the money for which the notes were executed. It may be true that she did not get the use of the money, but the money was, nevertheless, obtained from the bank, was the consideration for which the notes were given.

"A consideration has been defined to be 'a benefit accruing to him making the promise, or a loss or disadvantage undergone by him to whom it is made.' Ex parte *Hodges,* 24 Ark. 197; *Bell* v. *Greenwood,* 21 Ark. 249; *Johnson* v. *Walker,* 25 Ark. 196; *Brinkley Car Works & Mfg. Co.* v. *Farrell,* 72 Ark. 354, 90 S. W. 1174." The above was quoted from the case of *Phoenix Cement Sidewalk Co.* v. *Russellville W. & L. Co.,* 101 Ark. 22, 28, 140 S. W. 996. *Hays* v. *McGuirt,* 186 Ark. 702, 706, 55 S. W. (2d) 76.

It is further alleged that the mortgage given as security for payment of the note was without any consideration to support it. This renewal note extended the time of payment of the obligations it now represents. The consent of the bank to extend the time of payment of the obligation was a sufficient consideration to support the mortgage or deed of trust. The above citations support this rule. It seems to be universal.

The appellant, on the second proposition, that of the alleged fraud and promises on the part of Owen must fail for several reasons. One is, if proof of this kind were admissible, it does not prove a fraud. Whatever promises Owen may have made to her as set forth in this record, even if her statements be true, cannot avail her now as a defense.

It is unnecessary to discuss with any greater particularity the appellant's evidence offered as a defense.

This court decided practically every issue raised by the appellant in an opinion recently delivered. By changing dates, names of parties, amounts, and localities, the opinion in the case of *Richardson* v. *Merchants' Bank & Trust Co.,* 188 Ark. 1104, 69 S. W. (2d) 396, might well become the opinion in this matter. An examination of the case above cited must disclose that a large part of appellant's proof was incompetent, and her defense must fail.

The appellant pleaded the affirmative defenses of fraud and lack of consideration. The burden of proving these defenses devolved upon her. She failed to meet this burden. The decree of the chancellor is amply supported by the evidence.

Affirmed.