The W. T. Rawleigh Company *v.* Berry.

4-5014

Opinion delivered April 4, 1938.

*Murphy & Murphy* and *Ingram & Moher,* for appellant.

*W. J. Dungan,* for appellees.

Smith, J. In 1931, W. W. Haimes entered into a written contract with appellant to purchase certain goods, wares and merchandise. As a condition upon which sales of the goods would be made, Haimes was required to furnish sureties that the goods would be paid for. W. C. Berry, Jr., and R. B. McKnight signed the contract as sureties. A similar contract was made and signed by Berry and McKnight as sureties covering sales made in the year 1932. Haimes was indebted to appellant in the sum of $994.63. The sureties were called upon for payment when Haimes failed to pay. Correspondence between one of these sureties and appellant shows

there was no controversy about the amount of the debt and the liability therefor. The indebtedness was admitted and excuses were made for its nonpayment.

A representative of appellant called on Haimes and his sureties and made personal demand for payment. After certain negotiations, which were begun one day and concluded the next, a note was executed on January 11, 1933, due October 11, 1933, to the order of appellant for $994.63, the admitted balance then due for which Haimes was liable as principal and Berry and McKnight as sureties under the sales contract. This note recited that "we jointly and severally promise to pay . . .," and was signed by Haimes, Berry and McKnight, all signing as makers.

This suit was brought to enforce payment of the note. Haimes made no defense and judgment was rendered against him for the want of an answer. Berry and McKnight defended upon the ground that the note had been signed by Haimes and by him delivered to appellant's agent before they signed, and that they signed as indorsers without consideration moving to them, and this appeal is from a judgment in their favor.

In support of this defense, Berry and McKnight offered testimony to the effect that at the conference held the day before they signed the note it was agreed that Haimes should execute a mortgage upon a forty-acre tract of land which he owned, which was given in satisfaction of the debt to be secured by the mortgage. This mortgage was given and the note in suit was signed by Haimes in the absence of Berry and McKnight, and was presented to them for their signatures the following day in the absence of Haimes.

Berry testified that before signing the note he wrote at the bottom thereof this statement: "This note secured by deed of trust of even date on lands as follows: Southeast quarter of the southeast quarter, section, township, range, Winston county, Mississippi, 40 acres, more or less." This statement appears on the note. This mortgage was foreclosed before the institution of this suit and the proceeds of the sale, amounting to $250, were

credited on the note, and this suit is for the amount of the note due, less this credit.

Berry further testified that he intended this statement to mean that the execution of the deed of trust was to be in full satisfaction of the debt so far as he and Mc-Knight, his co-surety, were concerned, and that when he hesitated about signing the note, even with this statement written upon it, he was assured by appellant's agent that it would be all right to sign the note, as they—Berry and McKnight—would not be expected to pay it.

The execution of the note was admitted, and no fraud is alleged in procuring its execution except the alleged statement of appellant's agent that Berry and McKnight would not be expected to pay the note.

Berry and McKnight did not sign the note as indorsers, nor were they accommodation makers. They signed as joint makers, and their signatures import that its execution was made upon a valuable consideration. Section 10182, Pope's Digest. Moreover, the undisputed testimony shows a full and complete consideration for the execution of the note. Berry and McKnight were already liable for the debt which the note evidenced, and the execution of the note operated to extend the time for payment for nearly a year. This was a sufficient consideration to support the note. *Johnson* v. *Ankrum,* 131 Ark. 557, 199 S. W. 897. The note was a mere substitution for an existing liability. *Seelbinder* v. *Stewart,* 190 Ark. 1132, 83 S. W. 2d 66.

It is obvious that the statement which Berry wrote upon the note does not express what he testified he intended. He now seeks to enlarge this statement to include something which he then omitted.

In the case of *Richardson* v. *Merchants' & Planters' Bank & Trust Co.,* 188 Ark. 1104, 69 S. W. 2d 396, the defense was interposed in a suit upon a note that it was signed upon the oral promise that the makers would not be held liable thereon. It was said that the defense was unavailing, as it ran counter to the parol evidence rule. In so holding we quoted from the case of *Randle* v. *Overland Texarkana Co.,* 182 Ark. 877, 32 S. W. 2d 1064, 75

A. L. R. 1516, as follows: " 'There is no charge of fraud or trickery in obtaining his signature to the note, but the allegation simply means that, although he signed the note, there was a contemporaneous oral agreement that he should not be bound. . . . Under such circumstances the rule is that parol evidence is not admissible to contradict or vary the written instrument, which appellant Nash sought to do.' " See, also, *Fullerton* v. *Storthz*, 182 Ark. 751, 33 S. W. 2d 714, and cases there cited.

The suit was brought by the payee in the note, and it was, therefore, subject to the defense that it was executed without consideration. But, as we have said, the undisputed testimony shows the contrary to be the fact, and the defense of appellees, who are joint makers, that the note was signed by them upon the understanding that they would not be called upon to pay it violates the rule which prohibits the varying of a valid written instrument by parol testimony.

No defense was shown and judgment should have been rendered upon the note according to its tenor. The judgment will, therefore, be reversed, and as the case appears to have been fully developed judgment will be rendered here in favor of appellant.