### BANK OF CORNING v. NIMNICH.

Opinion delivered January 31, 1916.

1. BILLS AND NOTES—LIABILITY OF OFFICERS WHO SIGN AS SUCH, ON NOTE EXECUTED BY A CORPORATION.—Where the name of the corporation itself is signed to a promissory note, and is followed by the names of officers, giving their official title, indicating that they are signing in their official capacity for the purpose of attesting the signature of the corporation, the instrument constitutes the obligation of the corporation alone.

2. BILLS AND NOTES—NOTE OF CORPORATION—SIGNATURE OF DIRECTORS.— A promissory note was signed by a corporation and the signature was attested by the secretary of the corporation, thereafter appeared the names of certain persons, after whose names appeared the word "Director." Held, the persons so signing would be held to have signed in their individual capacity, and not as officials of the corporation.

Appeal from Clay Circuit Court, Western District; W. J. Driver, Judge, reversed and judgment here.

*J. N. Moore,* for appellant.

This was an instructed verdict. All the evidence offered by plaintiff must be considered in the light most favorable to it. 96 Ark. 394. Where there is any evidence tending to establish an issue it is error to direct a verdict or take the case from the jury. 95 Ark. 359. The note on its face establishes the liability of appellees; "*We* promise to pay," signed by two or more persons is the joint obligation of *all* of them. 4 Am. & Eng. Enc. Law, (2 ed.) 110-111. This phrase and "the makers severally waive, etc.," fix a *prima facie* liability on all

who sign *prima facie.* The evidence shows appellees signed as sureties, and they are jointly bound with the corporation. The word "Director" after their names is merely *descriptio personal,* 31 N. W. 947; 39 *Id.* 640; 42 *Id.* 635; 48 N. E. 262; 54 Pac. 273; 19 L. R. A. 676; 152 S. E. 208; 52 N. W. 208; 42 L. R. A. (N. S.) 1 and notes; 69 Ark. 406; 94 *Id.* 200; 42 Cal. 139; 4 Am. & Eng. Enc. L. (2 Ed.) 110; 62 Ark. 387. A written contract can not be varied or contradicted by oral testimony. 62 Ark. 387.

*C. T. Bloodworth,* for appellees.

There is no need of proof to show the real intention of the parties, for that is expressed in the signatures, and parol evidence to vary that written expression is not admissible. 50 Ark. 393. 10 Cyc. 918, 1026; Tideman on Com. Paper, § 123; 6 A. & E. Ann. Cases, 999, 1001 and notes; 93 S. W. 510. The only aim and intention of appellees was to bind the corporation and they were not personally liable. 69 Ark. 406 and cases *supra.*

*J. N. Moore,* in reply.

There is much confusion in the authorities as to the liability of a corporation and its officers both of whose names appear on a note where the corporate name is signed followed by names of persons who sign as officers. 39 N. W. 640 represents one view and 97 N. W. 612 represents the other view. Neither controls this case. See also 16 L. R. A. 143; 48 N. E. 262; 54 Pac. 273; 47 *Id.* 484.

McCULLOCH, C. J. Appellant sued appellees Joseph Nimnich and E. Hartwig for an amount alleged to be the balance due on a promissory note in the following form:

$5,000.00     Corning, Ark., Sept. 27th, 1911.

Six months after date for value received, we promise to pay to the order of the Bank of Corning, Corning, Ark., Five Thousand Dollars.

With interest at ten per cent per annum from date
until paid.   The makers and endorsers of this note here-
by severally waive presentment and payment, notice of
non-payment, protest, and consent that time of payment
may be extended without notice thereof.

Payable at Bank of Corning, Corning, Ark.

> Farmers Union Gin & W. H. Co.,
> Per Henry Brown, Sec. & Treas.
> Henry Brown, Director.
> W. T. Griffith, Director.
> Earnest Hartwig, Director.
> Porter Larkins, Director.
> G. A. Hoffman, Director.
> J. T. Montgomery, Director.
> H. D. Chappell, Director.
> Joseph Nimnich, Director.

Appellees, Nimnich and Hartwig, answered separate-
ly, denying that they had executed the note individually
or that they were personally liable thereon. In other
words, the answer of appellees raised the question of
whether the note was the joint and several obligation
of the Farmers Gin & Warehouse Company and the in-
dividuals who signed the note, or whether it was the sole
obligation of the corporation itself.   Appellant intro-
duced testimony showing the circumstances under which
the note was executed, but appellees introduced no testi-
mony and based their defense entirely on the face of
the instrument sued on.   The court gave a peremptory
instruction in favor of appellees and judgment was ac-
cordingly rendered in their favor.

(1)   There is much conflict in the authorities as to
the question of liability on written obligations similar to
the one now in suit, where the obligation is signed by
officers of a corporation, but the rule is established by
what appears to us to be the weight of authority that
where the name of the corporation itself is signed and
followed by the names of officers, giving their official title,
indicating that they are signing in their official capacity
for the purpose of attesting the signature of the corpora-

tion, the instrument constitutes the obligation of the corporation alone. *English and Scottish American Mortgage and Investment Co.* v. *Globe Loan & Trust Co.,* 70 Neb. 435, 6 Am. & Eng. Ann. Cas. 999; *Hitchcock* v. *Buchanan,* 105 U. S. 416; *Falk* v. *Moebs,* 127 U. S. 597; *Liebscher* v. *Kraus,* 74 Wis. 387, 5 L. R. A. 496; *Castle* v. *Belfast Foundry Co.,* 72 Me. 167; *Draper* v. *Massachusetts Steam Heating Co.,* 5 Allen (Mass.) 338; *Reeve* v. *First National Bank of Glassboro,* 54 N. J. L. 208, 16 L. R. A. 143; *Miller* v. *Roach,* 150 Mass. 140, 6 L. R. A. 71; *Bean* v. *Pioneer Mining Co.,* 66 Calif. 451.

(2)    Instruments of that kind are held to be the promise of the corporation and the signatures of the officers to be official and not individual. The authorities are, as before stated, not harmonious on this subject, and appellant cites on its brief, cases which hold to the contrary. The real question in the present case is whether or not the established rule is applicable to the instrument involved in this controversy. An inspection of the instrument, as it appears in the records, shows that the name of the corporation was attested by Henry Brown, the secretary and treasurer. The additional signature of Henry Brown follows his signature as secretary and treasurer, and after it is written the word "director," and all of the other names are followed by the same word. We do not think that it can be said from the face of the instrument that those who signed as directors did so for the purpose of officially attesting the signature of the corporation, which had already been attested by the secretary and treasurer. The form of the signatures evidences an intention to add something more than a mere certification of the corporate name, and the addition of the word "director" is merely descriptive of the person who signed. Daniel on Negotiable Instruments, Sec. 415. There was no attempt to plead or establish any facts or circumstances which would warrant a reformation of the instrument so as to exclude personal liability on the part of the directors, as was done in the case of *Lawrence County Bank* v. *Arndt,* 69 Ark. 406.

It follows, therefore, that the court erred in directing a verdict in favor of appellees. The judgment of the circuit court is reversed and the cause is remanded for a new trial.