FIRST NATIONAL BANK OF JONESBORO *v.* J. H. SNYDER
MANUFACTURING COMPANY.

Opinion delivered January 23, 1928.

EVIDENCE—PAROL EVIDENCE RULE.—Parol evidence is inadmissible to
show that a note, which recited that "I, we, or either of us, prom-
ise to pay" and was signed by "J. H. Snyder Manufacturing Co.,"
and "W. H. Snyder," was signed by Snyder as attesting officer
of the company, a corporation and intended to be binding on
the company only, there being no ambiguity in the note.

Appeal from Craighead Circuit Court, Jonesboro District; *W. W. Bandy*, Judge; reversed.

This suit was commenced before a justice of the peace by the First National Bank of Jonesboro against W. H. Snyder to recover the balance of $187.50 and the accrued interest on a promissory note. There was a judgment in favor of the defendant in the justice court, and the plaintiff appealed to the circuit court. The case was tried there upon a statement of facts substantially as follows:

The note was introduced in evidence and reads as follows:

"$395.63.                              Jonesboro, Ark., 1-19, 1924.
              No........................ $................................

"March 15, 1924, after date, for value received, I, we, or either of us promise to pay to the order of First National Bank, Jonesboro, Arkansas, three hundred ninety-five and 63/100 dollars, at the First National Bank, in Jonesboro, Arkansas, with interest at 10 per cent. per annum from date until paid. If the interest be not paid when due, to become as principal, and the sum thereof to bear interest at the rate of ten per cent. per annum. The makers and indorsers of this note hereby severally waive presentment for payment, notice of non-payment, protest, and consent that the time of payment may be extended without notice thereof.

                              "J. H. Snyder Mfg. Co.
                              "W. H. Snyder."

The proof showed that there was a balance due on the note of $187.40 principal and interest amounting to $57.17, making a total of $244.67.

According to the testimony of the cashier of the bank, he would not have made the loan unless W. H. Snyder had signed the note personally. On the part of the defendant it was shown that the J. H. Snyder Manufacturing Company was a corporation, and W. H. Snyder was the president and manager of it. He signed the

note as an officer of the company, and borrowed the money for the company.  It was not his intention to bind himself personally.  He signed the note for the purpose of attesting the signature of J. H. Snyder Manufacturing Company.

The jury returned a verdict in favor of the defendant, and from the judgment rendered the plaintiff has duly prosecuted an appeal to this court.

*Cooley, Adams & Fuhr,* for appellant.

Hart, C. J., (after stating the facts). The sole ground relied upon for a reversal of the judgment is that the circuit court erred in admitting parol evidence to show that W. H. Snyder signed the note as an attesting officer of the J. H. Snyder Manufacturing Company, a corporation of which he was president, and that there was an understanding between him and the bank that the corporation alone was to be liable on the note.  In admitting this testimony the court evidently relied upon a decision of this court to the effect that, where the name of the corporation itself is signed and followed by the names of officers giving their official titles, indicating that they are signing in their official capacity for the purpose of attesting the signature of the corporation, the instrument constitutes the obligation of the corporation alone. *Bank of Corning* v. *Nimnich,* 122 Ark. 316, 182 S. W. 756, Ann. Cas. 1917D 566.

In that case the first signature to the note was "Farmers' Union Gin & W. H. Co., per Henry Brown, Sec. and Treas."  There was no ambiguity in that signature.  The fact that Henry Brown signed as secretary and treasurer under the name of his principal, prefixing "per" before his name, indicates that his principal was a corporation and that he was attesting its name as the signer of the note as secretary and treasurer of the corporation.  Hence the court held that there was no ambiguity as to the other signers of the note, although they added the word "director" to their signatures. The court said that the word "director" was merely descriptive of the person who signed.

This court has often decided that parol evidence cannot be admitted to vary the terms of a written contract or to show a contrary intention than that disclosed by the instrument, unless there is an ambiguity. This rule had been applied in the case of promissory notes. *Lawrence County Bank* v. *Arndt,* 69 Ark. 406, 65 S. W. 1052. In that case the only evidence on the face of the promissory note that the persons signing it did not intend to bind themselves personally was the affixing to their signatures of some designation of agency, as by signing themselves, respectively, as president, vice president, secretary and treasurer, without stating for whom or for what company they were acting. Under these circumstances they were liable personally, and could not, as a defense, show by parol evidence that they intended to bind a certain corporation for which they were acting.

We think the holding in that case is conclusive here.

In the case at bar the language in the body of the note is "I, we, or either of us promise to pay to the order of the First National Bank," etc. The language thus used in the body of the note indicates that more than one person would sign it. The signatures are "J. H. Snyder Mfg. Co., W. H. Snyder." The signatures do not indicate whether J. H. Snyder Mfg. Co. was a trade name, partnership, or corporation. There is no designation by W. H. Snyder that he signed as an officer or agent by any word.

We are of the opinion that there was no ambiguity in the note, and that the circuit court erred in admitting parol evidence to show that W. H. Snyder signed the note as attesting officer of J. H. Snyder Manufacturing Company, a corporation, of which he was president, and that there was an understanding between him and the bank that the corporation alone was to be liable on the note. For this error the judgment must be reversed, and the cause will be remanded for a new trial.