RANDLE *v*. OVERLAND TEXARKANA COMPANY.

Opinion delivered December 8, 1930.

*Carter & Carter* and *Pratt P. Bacon,* for appellant.
*H. M. Barney,* for appellee.

McHANEY, J. Appellee sued appellants on two promissory notes representing the balance of the purchase price of an automobile, to which title was retained, and which was in the possession of appellant Randle. An order was issued, in the nature of an attachment, directing the sheriff to take possession of the property, and hold same subject to the orders of the court in accordance with §§ 8729 and 8730, C. & M. Digest. The car was taken and service had on both appellants. Thereafter appellant Nash answered denying that he signed the notes and all other allegations in the complaint as to him. On the same day this answer was filed, appellee applied for and was granted an order of court directing the sheriff to sell the automobile on the ground that it was perishable, highly depreciable and expensive to store and care for. Sale was made in accordance with the order of court, and the sheriff reported that he had sold it to appellee for $100 which was credited on the notes. All this took place in November and December, 1929. In March, 1930, appellant Nash filed an amendment to his answer admitting that he signed said notes, but that he did not

intend to become a party thereto or to be bound; that he signed same at the request of appellee's manager, who told him that he did not know Randle, but knew him and wanted him to sign so that he could locate or communicate with Randle when the notes became due. He further alleged lack of consideration for his signature in that the sale to Randle had been completed, the car delivered, the notes signed by Randle and delivered to appellee before he signed. Appellant Randle filed, on the same date, an answer and cross-complaint. He admitted the purchase of the car by him, the execution of the notes, their non-payment, and denied that Nash signed the notes or that he was concerned in the purchase of the car. For his cross-complaint he alleged that it was the duty of the sheriff to hold the car, and not sell same before a final hearing; that the sale was wrongfully had before a final hearing, without notice to him, and that the sale under the circumstances amounted to a conversion of the property to his damage in the value of the car. Demurrers were interposed and sustained to both answers. Appellants declined to plead further and the cause proceeded to trial on appellee's complaint and its evidence which resulted in a directed verdict for appellee for the sum sued for, and the fixing of a purchase money lien on the car and the proceeds of the sale of same.

As to appellant Randle's cross-complaint, there can be no doubt that he has no right to complain of the sale of the car and the price it brought at the sale. At the same time he was served with a summons in the action, November 16, the car was taken from his possession by a writ of attachment under § 8730, C. & M. Digest. At the time of filing the petition for an order of sale, same was served on counsel for appellant Nash, the only defendant who had answered, although thirty days had elapsed from the date of service and repossession of the car, and no answer filed for appellant Randle, and none was filed until March 6, 1930. Under the allegations of the petition for the order of sale, heretofore set out, the court had the right to make the order so that the value of the

property might be preserved and not wasted in depreciation and expense of storage and care. Under such circumstances it was the duty of the court to order the sale for the preservation of the fruits of the litigation, especially in view of the fact that appellant Randle had not controverted the right of appellee to the car, and to subject it to the enforcement of a purchase money lien.

As to appellant Nash, the court correctly sustained the demurrer to the answer as amended, as it failed to state a defense, and also in sustaining objections to testimony in support thereof, as being violative of the parol evidence rule. According to appellant's abstract of his answer, "he alleged that, while it was true his name was on said notes, he did not sign the same as a party thereto; that he signed same at the request of R. E. Dove, the manager of appellee, who represented to him that he did not know Randle, but did know defendant (Nash), and wanted him (Nash) to sign the notes so that he (Dove) could communicate with defendant when the notes matured and defendant could notify Randle." Proof was offered in support of this allegation and excluded. There is no charge of fraud or trickery in obtaining his signature to the note, but the allegation simply means that, although he signed the note, there was a contemporaneous oral agreement that he should not be bound, but that he signed for reference merely. Under such circumstances the rule is that parol evidence is not admissible to contradict or vary the written instrument, which appellant Nash sought to do. In *Frits* v. *Frits,* 32 Ark. 327, it was held that an answer to a suit on a note, purporting to have been executed by defendant, alleging that she could not read or write, and that if she signed the note she did not know that it was a note, stated no defense. In *Lawrence County Bank* v. *Arndt,* 69 Ark. 406, 65 S. W. 1052, we held, to quote a syllabus: "Where the only evidence on the face of the promissory note that the persons signing did not intend to bind themselves personally was the suffix to their signatures of some designation of agency, as by signing themselves, respectively, as president, vice-

president, secretary, and treasurer, without stating for whom or for what company they were acting, they are liable personally, and cannot as a defense show by parol evidence that they intended to bind a certain corporation for which they were acting.'' This case has been many times followed. See *Bank of Corning* v. *Nimnich*, 122 Ark. 316, 183 S. W. 756 Ann. Cas. 1917D, 566; *United Drug Co.* v. *Bedell,* 145 Ark. 96, 223 S. W. 372; *Shanks* v. *Clark,* 175 Ark. 883, 300 S. W. 453; *First National Bank of Jonesboro* v. *J. H. Snyder Mfg. Co.,* 175 Ark. 1134, 1 S. W. (2d) 817. In the last case above cited, we said:

"This court has often decided that parol evidence cannot be admitted to vary the terms of a written contract or to show a contrary intention than that disclosed by the instrument unless there is an ambiguity. This rule has been applied in the case of promissory notes. *Lawrence County Bank* v. *Arndt,* 69 Ark. 406, 65 S. W. 1052. In that case the only evidence on the face of the promissory note that the persons signing it did not intend to bind themselves personally was the affixing to their signatures of some designation of agency, as by signing themselves, respectively, as president, vice-president, secretary and treasurer, without stating for whom or for what company they were acting. Under these circumstances they were liable personally, and could not, as a defense, show by parol evidence that they intended to bind a certain corporation for which they were acting.''

There is no ambiguity in the note now under consideration, and parol evidence cannot be resorted to to vary its terms. Therefore the answer was open to demurrer, and the proffered testimony inadmissible. The judgment is accordingly affirmed.

KIRBY and MEHAFFY, JJ., dissent.