## MITCHAM v. LONDON.

### No. 8525.

Court of Civil Appeals of Texas. Austin.

Nov. 3, 1937.

Rehearing Denied Dec. 1, 1937.

McCartney, McCartney & Johnson, of Brownwood, for appellant.

J. C. Darroch and E. M. Davis, both of Brownwood, for appellee.

McCLENDON, Chief Justice.

Appeal by plaintiff below from an adverse judgment upon a special issue verdict in a suit upon a promissory note, and to foreclose a lien upon $2,500 of stock of McInnis Funeral Home.

Defendant plead three defenses:

(1) Non est factum.

(2) The note (if he signed it) was wholly without consideration in that it was signed under the following circumstances (substantially stated): In order to induce defendant to continue as an

embalmer in the business of the corporation and to assist in building up the business, plaintiff agreed to give him $2,500 of the stock of the corporation to be paid for out of the dividends of the stock and salary bonuses thereafter accruing. If he signed the note, it was only as a memorandum of the transaction. He never received any stock from plaintiff.

(3) A plea characterized by appellee as one of conditional delivery only of the note and fraud, alleging substantially the transaction detailed in plea 2 above, and additionally that it was agreed that the note would never be held as a personal obligation against defendant, but only as a memorandum of the transaction to show the amount of credits necessary to pay out the stock. Fraud was alleged in that plaintiff never intended to keep his promise as to the effect of the note, but always intended to hold it as a personal obligation, despite his agreement and representation to the contrary.

Four special issues were submitted to the jury; the answers to the first three of which eliminated the first two of the above defenses. These found: (1) Defendant signed the note in suit. (2) He also signed a receipt for the stock certificate on the stub of the stock book. (3) The stock certificate "was turned over to the plaintiff by the defendant, or by the consent of the defendant as security for the note" in suit.

The fourth issue, relating to the third above defense, and answered "Yes," read: "Do you find and believe from a preponderance of the evidence that at the time defendant signed and delivered said note to the plaintiff, if he did sign and deliver same, that it was agreed and understood by and between the plaintiff and the defendant that the same would be held by the plaintiff merely as a memorandum of the amount to be held against stock and to credit dividends and bonuses upon, and would not be held as a personal obligation of the defendant?"

The controlling issue presented by the appeal is whether the third pleaded defense constituted a defense in law to the note; it being urged that the facts so alleged and testified to amounted only to an attempt to vary the terms of the note by parol, which the law does not permit. This issue was presented in the trial court by (1) special exception to the pleading; (2) objection to and motion to strike out the evidence;

(3) objection to the issue; and (4) motion for judgment "upon said issues and the evidence introduced, and notwithstanding special issue number four, and the answer of the jury thereto."

■ The general rule, now well established in this as well as other jurisdictions, is that a parol agreement to the effect that a promissory note shall never be binding or take effect as a personal obligation, or that its payment shall be other than in money, is not binding, since its effect is to vary the terms of the instrument. See Chalk v. Daggett (Tex.Com.App.) 257 S.W. 228; Lawther Grain Co. v. Winniford (Tex.Com.App.) 249 S.W. 195; 6 Tex.Jur., pp. 956-960, §§ 279 and 280.

. ■ Appellee strongly relies upon section 16 of the Uniform Negotiable Instrument Law (V.S.R.C.S. art. 5932, § 16), which provides that: "Delivery may be shown [as between the original parties] to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument." Appellee contends that under the pleading, evidence, and jury finding, there was only a conditional delivery of the note, and/or a delivery for a special purpose, namely, as a memorandum only to show the amount of credits required to take up the stock.

The following comment on section 16 of the law is quoted from 7 Am.Jur. pp. 811-812, § 41:

"The provision of the Uniform Negotiable Instruments Act referred to in the preceding section settles the question whether a conditional or contingent delivery may be made to the payee. On general principles, even before the adoption of the Uniform Act, the great weight of authority has sustained the right of the maker of a promissory note or other negotiable instrument to deliver it to the payee or other obligee upon condition that it shall not become a binding obligation except upon the happening of a certain event. Such a delivery necessarily implies that the delivery may become absolute and the contract obligatory, according to its terms, in case the condition precedent is performed. Such a delivery may be made to an agent of the payee or other person in whose hands the instrument has its inception, as, for example, an accommodation note having its inception in one other than the payee. Until the condition.

142

is met, the instrument is unenforceable. Parol evidence is admissible to show such conditional delivery. It cannot be shown, however, that no obligation was to be assumed on the instrument at any time. Such a transaction may not amount strictly to an escrow, but it is in the nature of an escrow.

"Prior to the Uniform Act a minority view was that such a conditional delivery cannot be made to the payee. The cases adhering to the minority view emphasize the necessity of an escrow agreement having a third party and hold that a delivery in escrow cannot be made to the payee."

We think it quite clear that the facts above presented by pleading, evidence, and jury finding do not bring the transaction within the purview of a conditional delivery or delivery for a special purpose. Such facts amounted to nothing more than an agreement or promise that the note should never be a binding obligation for any purpose. This was clearly the effect of the pleading and supporting evidence, independently of the jury's answers to the first three special issues. If there were any doubt in this regard, it would be entirely removed by these answers. Defendant testified that the signatures to the note and stock certificate were forgeries; were not made by him or by his authority; that he never received the stock certificate; and never delivered it or authorized its delivery to plaintiff. The jury findings that he did sign the note and receipt and that the certificate was "turned over to the plaintiff by the defendant, or by the consent of the defendant, as security for the note" in suit expressly negative this testimony. No issuable pertinent fact pleaded or testified to was left, except that embraced in the fourth special issue; whether it was agreed and understood that the note "would be held by the plaintiff merely as a memorandum of the amount to be held against stock and to credit dividends and bonuses upon, and would not be held as a personal obligation of defendant," which finding clearly contradicted the express terms of the note.

We do not regard a review of the authorities upon this point necessary. A very clear statement of the rule and its application, with a painstaking digest of the Texas decisions thereon, may be found in the Daggett Case, supra. Apparent conflict in prior decisions arising from general expressions or terminology are therein clarified; while conflicting holdings of some of the prior opinions of Courts of Civil Appeals through erroneous application of the rule are deferentially disapproved.

■ Nor do the pleadings or evidence present a case of actionable fraud. The answers to the first three special issues clearly negative any deception or fraud in obtaining defendant's signature to the note. As we understand appellee's contention upon this issue, it is that the fraud consisted in making the agreement not to hold the note as a personal obligation against him with the then present intention not to perform that agreement. There are situations in which an intention at the time a contract is made not to perform its obligation will authorize a rescission and recovery of the consideration or advantage received under it. But that is not the situation here. The promise here complained of as being intended not to be performed was a collateral one in parol at variance with the written contract entered into, and one proof of which the law does not admit. If fraud could be predicated upon such promise and intention, then any collateral parol agreement might be asserted to contradict, vary, or even abrogate any written contract, under the guise of a fraudulent intent not to perform such collateral parol agreement. The practical effect would be to destroy the parol evidence rule altogether.

The case appears to have been fully developed; and under the jury findings in answer to the first three special issues and the uncontradicted evidence in other respects, plaintiff is entitled to recover as prayed for. Therefore, the trial court's judgment is reversed, and judgment is here rendered in favor of appellant against appellee upon his note and for foreclosure of his stock certificate lien as prayed for, and for all costs.

Reversed and rendered.