**McCORMACK et al v. COCKBURN et al.**

**No. 3359.**

Court of Civil Appeals of Texas. Beaumont.

Feb. 15, 1939.

Rehearing Denied March 8, 1939.

John K. Todd and Ralph Gilbert, both of Shelbyville, Ky., and Hunt & Lawler and Cole, Patterson & Cole, all of Houston (Guy Rall and Robert L. Cole, both of Houston, of counsel), for appellants.

Walter F. Brown, Barkley & Webb, and J. L. Webb, all of Houston, for appellees.

PER CURIAM.

The majority of the court is now of the opinion that parol evidence was not admissible to establish the facts on which appellee Cockburn was released from his liability on the notes in issue. McCormick & Ray in their Texas Law of Evidence, Sec. 725, say: "The Parol Evidence Rule is the rule which, upon the establishment of the existence of a writing intended as a completed memorial of a legal transaction, denies efficacy to any prior or contemporary expressions of the parties relating to the same subject-matter as that to which the written memorial relates." The deed from appellants to Cockburn, and his notes to them, were offered and received in evidence. These instruments constituted writings intended by the parties as completed memorials of the sale of the land by appellants; on their face, they evidence a complete contract. By parol evidence, that appellee was not to be bound on these notes, the judgment of the lower court relieved him of liability. The evidence was not that the deed and notes were executed as a mere matter of form; appellee plead the simple issue that the written contract, as executed and delivered, represented the true contract and intent of the parties except that he was not to be held liable as the payor of the notes. This evidence varies the terms of the written contract by substituting for appellee, the payor named on the face of the notes, parties who were not named in the writings. Quoting again from McCormick & Ray, page 950, in further explanation of the Parol Evidence Rule: "The rule, however, is not merely one which seeks for and effectuates the final intention. It goes further and makes the writing, when apparently and on its face a complete one, the sole criterion."

No point can be made against the conclusion that appellants' deed to appellee, and his notes to them on their face, evidence a complete contract. Again, on page 951, they say: "* * * where there has been an apparent integration in writing, as gathered from the writing and the surrounding situation, but in fact as appears from the other expressions of the parties it was not so intended, and other agreements or dispositions were intended also to be effective, these other intentions and expressions will nevertheless be disregarded provided they were such as in the judge's opinion would normally have been incorporated in the writing."

Under the following proposition of law, quoted by our Supreme Court in Sanger v. Warren, 91 Tex. 472, 44 S.W. 477, 478, 66 Am.St.Rep. 913, the parol evidence was not

admissible: "But, on the other hand, to allow evidence to be given that the party who appears on the face of the instrument to be personally a contracting party is not such, would be to allow parol evidence to contradict the written agreement, which cannot be done." Beckham v. Drake, 9 Mees. & W. 79; Cattle Co. v. Carroll, 63 Tex. 48; Heffron v. Pollard, 73 Tex. 96, 11 S.W. 165, 15 Am.St.Rep. 764.

In Watson v. Miller, 82 Tex. 279, 17 S.W. 1053, our Supreme Court held, quoting second syllabus, "Where a vendee gives a lien note for the purchase money, it is proper, in an action on the note, to refuse to submit to the jury the question whether the land was bought by the vendee for himself and others under a parol agreement that his share of the land, should not be subject to a vendor's lien, except for a proportionate share of the purchase money, since such agreement would vary the written contract."

Again, in Dolson v. DeGanahl, 70 Tex. 620, 621, 8 S.W. 321, our Supreme Court held, quoting fourth syllabus: "The written terms of an absolute promise to pay contained in a promissory note, are conclusive of the contract, and can not be changed by parol evidence that the note was executed with an understanding between the parties that it was never to be paid, and was not to be transferred or assigned."

■■ It was our original conclusion that the parol evidence to the effect that appellee was not to be held liable on his notes was admissible under the rule announced by the Commission of Appeals in Bell v. Mulky, 16 S.W.2d 287—that the parties to the written contract never intended it to become effective as a contract, but that it was executed and delivered as a mere matter of form; that is, where the contract between the parties, on their mutual understanding and agreement, rested entirely in parol, and by mutual agreement the writing was not intended by the parties to evidence the contract. This court followed the Bell-Mulky case in Standard Motor Co. v. Miller, 45 S.W.2d 786; we quote from Texas Law Review, Vol. XVI, No. 4, page 563, June Issue, 1938, from the note reviewing the Miller case: "Where the offer is to show by parol evidence that the note was a mere memorandum or receipt, never to be effective as a contract, the cases are in conflict. In accord with the principal case: Randle v. Overland Texarkana Co. 182 Ark. 877, 32 S.W.2d 1064, 75 A.

L.R. 1516 (1930); (1931) 44 Harv.L.Rev. 1299; Weinstein v. Sprintz, 234 Ill.App. 492 (1914); Dickson v. Harris, 60 Iowa 727, 13 N.W. 335 (1882); Billings v. Billings, 10 Cush. 178 (Mass. 1852). Contra: Standard Motor Co. v. Miller, 45 S.W.2d 786 (Tex.Civ.App.1932); Storey v. Storey, 7 Cir., 214 F. 973 (1914); Cooper v. Cooper, 3 Cal.App.2d 154, 39 P.2d 820 (1934); Norman v. Norman, Adm'x, 11 Ind. 288 (1858); Galloway v. Thrash, 207 N.C. 165, 176 S.E. 303 (1934). These authorities supporting the principal case may be criticized, as was done in Storey v. Storey, supra, at 977, on the ground they assume a legal-delivery of the instrument as a binding contract, the very point in issue. This is the view of the well-considered case of Standard Motor Co. v. Miller, supra, in which P sold three automobiles to D, agreeing to take memberships in an automobile club as payment. D gave P a promissory note for the amount due which note was intended to be used as a memorandum for bookkeeping purposes only. In a suit on the note, it was held that evidence of the parol agreement was admissible to show that the note did not set forth the real contract of the parties."

McCormick & Ray, page 998, state that the Parol Evidence Rule does not apply to evidence "which tends to show that the writing was never intended to be operative at all." We do not doubt the soundness of our construction and application of this rule in Standard Motor Co. v. Miller, but we recognize that the point thus decided by us was denied by the Austin Court of Civil Appeals in Mitcham v. London, Tex.Civ. App., 110 S.W.2d 140. But the conflict is not in point on the facts of this case, for the simple reason that appellants and appellee did not execute the deed and notes as a mere matter of form, but with the intention that they were to be effective as a contract; it was their intent, as plead by appellee in his answer, that the title to the land was to be divested out of appellants by the deed and invested in him, and that the notes were to be delivered as a part of the sale price of the land. By his pleadings and evidence appellee sought to show that though the deed vested in him a fee simple title to the land, subject to the vendor's lien, the parties intended that he was to be "a mere conduit"; and though on the face of the notes he was the payor, that the parties intended that third parties should be the payors. Under the authorities cited above, parol evidence to establish these defenses was not admissible.

Nor was parol evidence admissible to show that the execution of the deed and notes was induced by fraud; that appellants, acting through their agent, Phil Tharp, fraudulently induced appellee to execute the notes on the promise that he would not be held liable thereon. On this point, directly supporting our conclusion, it was held by our Supreme Court in Lanius v. Shuber, 77 Tex. 24, 13 S.W. 614, quoting first syllabus: "In an action on a note, answers alleging that defendants were induced to sign it as sureties by false representations, made by the payee's agent, that the note was given for money to be borrowed by the maker to purchase cattle, and that the money should not be delivered to him until he had purchased the cattle, and executed a mortgage thereon to defendants, are not allowable, as they would destroy the written contract by parol evidence."

In Houghton v. American Trust & Savings Bank, Tex.Civ.App., 247 S.W. 904, it was held, quoting second syllabus: "A parol agreement by the payee of a promissory note that if the shares of stock for which it was given were not sold before the maturity of the note he would pay it, made before the execution and delivery of the note, was not fraud on the maker, and, under the parol evidence rule, could not prevail against the written agreement evidenced by the note."

The following proposition from Mitcham v. London, supra, in which we concur, is decisive against appellee on the issue of fraud: "As we understand appellee's contention upon this issue, it is that the fraud consisted in making the agreement not to hold the note as a personal obligation against him with the then present intention not to perform that agreement. There are situations in which an intention at the time a contract is made not to perform its obligation will authorize a rescission and recovery of the consideration or advantage received under it. But that is not the situation here. The promise here complained of as being intended not to be performed was a collateral one in parol at variance with the written contract entered into, and one proof of which the law does not admit. If fraud could be predicated upon such promise and intention, then any collateral parol agreement might be asserted to contradict, vary, or even abrogate any written contract, under the guise of a fraudulent intent not to perform such collateral parol agreement. The practical effect would be to destroy the parol evidence rule altogether." [110 S.W.2d 142.]

On the conclusion of the majority of the court that the court erred in receiving parol evidence to the effect that appellee was not to be held liable on the notes in issue, the judgment of the lower court must be reversed.

Appellants ask that we render judgment in their favor; we cannot give them that relief. Though, under the evidence, appellee was absolutely liable on his notes, as and when they were executed and delivered by him to appellants, he plead that subsequent to their delivery appellants had accepted third parties as payors of the notes and, by their conduct in relation to the notes, had relieved him of liability. This issue, as made by the pleadings, is stated in our original opinion. The record does not foreclose appellee from establishing that defense.

Appellants assign error against our conclusion that Phil Tharp was their general agent. We overrule the assignment, but on the issues that must arise on the remand and retrial of this case, the nature of Phil Tharp's agency is immaterial. Clearly, he had charge of these notes as agent for appellants, and was duly authorized by them to handle the notes in all respects as shown by the evidence.

The rehearing is granted, and the judgment of the lower court is reversed and the cause remanded for a new trial. Judge O'Quinn asks that the court's original opinion be filed and considered as his dissenting opinion.

Reversed and remanded.

O'QUINN, Justice (dissenting).

Mrs. Lillie B. McCormack, a feme sole, C. H. Ware, Mrs. Josie Ware Wright, joined by her husband, W. H. Wright, all citizens of Shelby County, Kentucky, brought this suit in the District Court of Harris County, Texas, against H. C. Cockburn, George Tharp and J. B. Leavell, citizens of Harris County, Texas, and Second National Bank, and the Marine Bank & Trust Company, both of Houston, Texas, seeking a personal judgment against H. C. Cockburn on fifteen promissory vendor lien notes, executed by him to appellants, dated December 1, 1927, aggregating $42,525, and to foreclose a vendor's lien against all of the defendants on 540 acres of land, a part of the James Jeffries Survey in Harris County, Texas, said land conveyed by appellants to H. C. Cockburn by deed dated December 1, 1927, in part consideration

for which the said vendor lien notes were executed.

Defendant H. C. Cockburn answered by general demurrer, plea of limitation, general denial, and specially that plaintiffs, were not entitled to recover against him, because he executed the notes in pursuance of an agreement on the part of Phil Tharp, the agent and attorney of the plaintiffs in handling the deal for the sale of the land, that if he, Cockburn, would sign the notes as an accommodation to the parties, as a mere conduit for the conveyance of title to the land from the plaintiffs to George Tharp and J. B. Leavell, that plaintiffs would not hold him, Cockburn, liable for the payment of said notes, but would hold him harmless from any liability on said notes. That he believed the representations made to him by Phil Tharp, that he would not be held liable for the payment of said notes, but that plaintiffs would at all times look to George Tharp and J. B. Leavell for the payment of same, and that but for said representations so made by Phil Tharp, and agreement with him, he, Cockburn, would not have executed or delivered said notes to Phil Tharp, agent for plaintiffs, nor would he, at the time he signed said notes, have executed deed to said George Tharp and J. B. Leavell conveying to them the land in question. He further specially answered that no deed was ever delivered to him for the land; that he never saw such deed; that he never placed such deed of record, if it was recorded, nor had anything to do with it. That he did not receive any consideration for the execution of the notes, and that as to him the notes were without consideration; and that he did not receive any consideration for the conveying by him of the land to George Tharp and J. B. Leavell. That after the notes were executed appellants at all times dealt with George Tharp and J. B. Leavell concerning them, and granted extensions of time for payment of them without notice to him, or without. his consent, whereby they released him from liability, if he was ever liable, on said notes. That appellants received the consideration for the land from George Tharp and J. B. Leavell; from time to time received from them the interest on the notes, and extended the time of payment on said notes without his knowledge or consent, by reason of all which defenses by him plead, appellants were estopped to assert any liability against him. By cross-action, he plead over against George Tharp and J.

B. Leavell in the event of a personal judgment against him.

Defendant Tharp filed a formal answer; the National Bank quitclaimed, and the Marine Bank & Trust Company defaulted.

The death of J. B. Leavell was suggested and the action against him was dismissed, and at the conclusion of the evidence plaintiffs dismissed as to Tharp.

The case was tried to a jury upon special issues in answer to which they found: (a) that Cockburn in taking title to the property did not do so merely for the purpose of passing such title to George Tharp and J. B. Leavell; (b) that Phil Tharp made the representations alleged by Cockburn that he, Cockburn, would be held harmless from any liability by reason of the notes executed by him; (c) that by reason of such representations Cockburn was thereby induced to execute the notes for the purchase of the land; (d) that but for such representations Cockburn would not have executed the notes and taken title to the land; and (e) that in making such representations Phil Tharp was acting against the interest of his clients, appellants. Upon the answers of the jury, judgment was rendered in favor of appellants against all parties foreclosing their lien on the land for the debt found to be due, but denying them a personal judgment against Cockburn. Motion for a new trial was overruled, and this appeal is from that judgment.

On October 1, 1927, the plaintiffs, appellants, lived in Shelby County, Kentucky. They were the owners of considerable land in Texas, consisting of various parcels and tracts. One was a tract of 540 acres, a part of the James Jeffries Survey in Harris County. Phil Tharp, a practicing attorney, with office in the City of Houston, was their agent having in charge their various holdings in Texas. He had represented them in all their business in Texas since 1923. They desired to sell the land involved. George Tharp was a brother of Phil Tharp and connected with his firm. J. B. Leavell was a Baptist minister and was the pastor of one of the leading Baptist churches in the city. Also Cockburn resided in Houston. George Tharp and J. B. Leavell, who occasionally dealt in real estate transactions, desired to purchase the 540 acres of land. Through one Rucker, who dealt in real estate, they got in touch with Phil Tharp, George's brother, who was the agent and attorney for appellants, and

agreed on a price for the land. However they desired that the title be not taken directly in their name. It appears that there had been considerable criticism of Rev. Leavell by his church because of his prior activities of this nature. They agreed with Phil Tharp to purchase the land for $56,700, of which $14,175 was to be paid in cash, and the remainder of $42,525 in fifteen vendor lien notes. While there were fifteen notes, they were divided into three parts. Notes 1 to 5, inclusive, were each for $4,252.50, dated October 1, 1927, bearing six per cent interest payable annually, and due 1, 2, 3, 4 and 5 years after date respectively. Notes 6 to 10, inclusive, were each for $2,126.25, dated October 1, 1927, bearing six per cent interest, payable annually, and due 1, 2, 3, 4 and 5 years after date, respectively. Notes 11 to 15, inclusive, were each for $2,126.25, dated October 1, 1927, bearing six per cent interest payable annually, and due 1, 2, 3, 4 and 5 years after date, respectively. Thus three of the notes became due at the same time. This arrangement appears to have been because there were three persons receiving a portion of the payments, one to receive $4,252.50 each payment, and each of the others $2,126.25 each payment, making $8,505 payable each year for five years.

The deed was duly executed by appellants, and the notes were duly signed by Cockburn, and the cash payment of $14,175 was duly made. Cockburn on the same day he signed the notes conveyed the land to George Tharp and J. B. Leavell. The jury found, and the undisputed evidence supports the finding, that at the request of Phil Tharp, agent and attorney of appellants, Cockburn agreed to take title to the land in his name and to transfer same at once to George Tharp and J. B. Leavell, upon the statement and representation to him by said Phil Tharp that he, Cockburn, would not be held liable on the notes, but that he would be held harmless from any liability by reason of his executing the notes. That he was doing this as an accommodation to Phil Tharp and George Tharp and J. B. Leavell. The undisputed evidence shows and the jury found that Cockburn relied upon the representations of Phil Tharp, appellants' agent, that he, Cockburn, would not be held liable on the notes, and that but for such representations he would not have taken title to the land, nor would he have executed the notes, nor would he have passed deed to the land to

George Tharp and J. B. Leavell. The undisputed evidence shows that Cockburn did not receive any consideration for executing the notes, or for executing the deed from him to George Tharp and J. B. Leavell conveying to them the land. The undisputed evidence shows that George Tharp and J. B. Leavell paid the cash consideration, $14,175, and paid the interest for four years, and through Phil Tharp, got extensions of time for making payments, no notice of which was ever given Cockburn, but was entirely unknown to him. Appellants received in principal and interest, slightly less than $25,000 in cash. They also granted extensions of time for payment without Cockburn's knowledge or consent. Rucker and Phil Tharp shared the commission on the sale.

The evidence shows that Mrs. McCormack acted generally for the appellants in the management and disposition of their property in Texas, and that in the instant transaction she did not know—was not informed by her agent and attorney, Phil Tharp, that Cockburn was not in fact purchasing the land, but that at the request of Phil Tharp and his brother, George Tharp, and J. B. Leavell, he was, as an accommodation, taking the title and executing the purchase money notes, on the promise of Phil Tharp that he would not be liable on them, he to convey the land to George Tharp and J. B. Leavell, and they to be responsible for and pay the notes. It appears that the extensions for payment of the notes was granted at the request of Phil Tharp on the statement to her that the owners of the land so desired. Neither Phil Tharp nor Mrs. McCormack had any contact with Cockburn or in any manner communicated to or with him relative to the extensions—he had no knowledge of them from any source.

Mrs. McCormack testified that had she known that Cockburn was not a bona fide purchaser she would not have executed the deed. She also testified that she received the interest on the notes for four years, but that she thought Cockburn was paying it; that when the extensions on the notes were given she thought it was for Cockburn—that she had no idea that it was for any other person. That she did not learn of the facts of the transaction until in early 1933. She said she did not wish to cancel the sale of the land.

We have stated the main facts of the case. They are without dispute.

We overrule appellants' assignment that the court erred in refusing them an instructed verdict. The assignment is based upon the contention that Phil Tharp, the attorney and agent of appellants, had no authority to request Cockburn to take title to the land in his name for the purpose of passing it on to George Tharp and J. B. Leavell, and agree with him that he, Cockburn, would not be held liable for the payment of the notes, but would be held harmless from liability thereon, and that appellants would look to George Tharp and J. B. Leavell for the payment of the notes. Under the undisputed facts we think this contention is without force. Appellants were the owners of considerable real estate in Texas, and selected Phil Tharp as their agent and attorney to represent them in the management and disposition of the property. Mrs. McCormack said "Phil Tharp has represented me locally down here since 1923", "At all times I let the responsibility rest on him". "I relied on Phil Tharp, my attorney. He was representing me here and why should I go to see Mr. Cockburn". In answer to the question "Did you give Mr. Tharp any written authority?" she answered "Only when he would write me about business. I did not assume any responsibility myself". She said she never knew Mr. Cockburn; that Mr. Tharp was looking after her affairs and that she did not think he would do anything that was not right. Regarding the instant transaction, she said "I was depending on Mr. Tharp to look after everything and to take care of me. I never had any dealings with Mr. Cockburn. It was through Mr. Tharp. He was attending to my affairs and why should I take it up with Mr. Cockburn or any one else".

The record is replete with numerous matters and transactions in which Tharp acted for appellants. Selling, collecting money when due, attending to insurance, paying taxes, protecting and looking after the property when necessary—in fact Mrs. McCormack testified that she left all matters to Tharp, put all the responsibility on him—never contacted any party with whom she was dealing, but relied entirely upon Tharp at all times in all matters. We think that this shows beyond question that he was their general agent and authorized as such to act. But it is insisted by appellants that even so, he had no authority "to request the defendant Cockburn to take the title to the real estate in his name to act as a conduit whereby the title would later be transferred by Cockburn to one George Tharp and J. B. Leavell, and to bind the plaintiffs to an agreement unknown to them, that they, as the payees in said notes, would in all things hold the defendant Cockburn, as the maker of said notes, harmless from liability thereunder, and would at all times and in all things look to the said George Tharp and J. B. Leavell for the payment of said notes". In the absence of fraud we think the contention is not well taken. Appellants plead fraud on the part of their agent Tharp, in not divulging to them the true facts relative to the sale of the land— that Cockburn was not a bona fide purchaser, but that he was taking title for the purpose of passing same on to George Tharp and J. B. Leavell, thus concealing the real purchasers, and concealing from appellants the agreement with Cockburn that he was not to be held liable on the notes, but that George Tharp and J. B. Leavell were to be so held, and that Cockburn by his agreement with Phil Tharp participated in and was a party to the fraud. Appellants also offered evidence to establish their fraud contention, but the court did not submit the issue of fraud to the jury, nor did appellants request such submission. This being true, appellants waived a finding thereon and fraud thus passed out of the case. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.2d 1084; Dallas Hotel Co. v. Davidson, Tex.Com.App., 23 S.W.2d 708; Christopher v. City of El Paso, Tex.Civ.App., 98 S.W.2d 394.

Appellants insist that parol evidence was not admissible to show the agreement of Tharp, appellants' agent, with Cockburn that he was acting as an accommodation party in receiving the title for George Tharp and J. B. Leavell, and that he would not be held liable on the notes, but would be held harmless from any liability thereon, and that the court erred in admitting same. Under the facts, this assignment is not sound. As we understand the rule it is always permissible to admit parol evidence to show that an independent collateral agreement was had as an inducement causing the party executing the contract to make it. It is apparent from the record that the parol evidence of which appellants complain was not offered for the purpose of varying the terms of the written contract, but for the purpose of establishing the parol agreement which induced Cockburn to enter into the written contract, by the terms of which parol agreement he was led to believe he would not be

held liable on the written contract, but would be held harmless thereon, and so was induced to execute the written contract. The parol evidence was not offered for the purpose of varying the terms of the deed, but, appellee having plead that no consideration passed from appellants to him or from him to appellants, and though the deed stipulated the consideration, the parol evidence was admissible to show what the consideration and inducement was for Cockburn to execute the notes. As before stated, it is not contended by any one that Cockburn got anything out of the trans-action. He paid nothing, and he got nothing. He was the accommodating party for both appellants and George Tharp and J. B. Leavell. At the request of Phil Tharp, agent and attorney for appellants, and George Tharp, Phil's brother, and J. B. Leavell, he accepted title to the land and executed the notes for their accommodation, on the assurance that he would not be held liable on the notes, but would be held harmless.

In 17 Tex.Jur., at page 826, the general rule is thus stated: "It is proper to admit testimony which merely shows the inducements leading to the execution of a writing or explains the circumstances in which it was executed. And an independent parol agreement which is shown to have been entered into as an inducement to the making of a written contract may be proved and enforced although it was not referred to in the writing. So, a verbal promise by one of the parties at the time of the making of a written contract may be given in evidence—where it appears that they were an inducement to the execution of the contract."

Many authorities so holding could be cited.

What we have said disposes of the case, and renders it unnecessary to discuss other assignments presented. The judgment should be affirmed and it is so ordered. Affirmed.

O'QUINN, Justice (dissenting further).

I adhere to the correctness of our original opinion. Mrs. McCormack, speaking through her authorized agent, Phil Tharp, said to Cockburn "if you will accommodate me by acting as a conduit for the transfer of my land, I will not look to you for the payment of the note to be executed, but will hold you harmless." Believing her to mean what she said he did as he was requested and aided in the transfer. After receiving the benefits (some $25,000 cash) she now says that she wants to keep the money, and to also hold Cockburn liable on the note. To permit her to do so would be perpetrating a fraud upon Cockburn, and also permit her to take advantage of her own wrong to her benefit and Cockburn's injury. This she should not be permitted to do. I file this together with the original opinion as my dissent.